TATE *et al. v.* PHILLIPS *et al.*

PER CURIAM.   A tract of land containing seventy-nine acres was set apart in the court of ordinary as a year's support for a widow and her minor children.   The widow conveyed twenty acres of the land to one of her granddaughters.   Subsequently, and after the death of the widow, D., one of her sons, filed an application for statutory partition of the remaining fifty-nine acres among the children and representatives of deceased children.   The granddaughter to whom the twenty acres were conveyed was a child of S., one of the daughters of the widow, and the application for partition recognized the grant as valid and made due allowance for its withdrawal from the estate.   The alleged tenants in common, defendants to the application for partition, insisted by their answer that the deed by the widow to the granddaughter was void as being the result of a mere attempt by the widow to make a gift, there being no necessity to sell the property for her maintenance and support; and they prayed to have the grantee made a party, and to have the deed canceled as a cloud upon title, and to have a partition of the entire seventy-nine acres.   The grantee was duly made a party, and in her answer set up that after all the children had attained majority the widow was living alone on the property in a decrepit condition and at the advanced age of seventy-five years, without any one to nurse and care for her, although her condition required such attention, and that she devoted ten years to nursing and caring for her, in consideration of which the grantor executed the deed.   There was evidence to support these allegations.   *Held:*

1. Where land belonging to the estate of a decedent is set apart as a year's support to his widow and minor children, after the children become of age and leave the land the widow may sell the land for the support of herself.   *Ragan* v. *Shiver*, 130 *Ga.* 474 (61 S. E. 1).   If the widow, on account of age and infirmity, requires the services of an attendant and nurse, she may sell all or any portion of the land for such purpose, or she may convey the same directly to the person rendering such services for such consideration.

2. Applying the foregoing principles to the pleadings and evidence, none of the excerpts complained of, from the charge to the jury, contained any error hurtful to plaintiffs in error.

3. The evidence authorized a verdict sustaining the deed, and there was no error in refusing a new trial.

> Judgment affirmed. All the Justices concur.
> FEBRUARY 19, 1916.

Partition. Before Judge Brand. Jackson superior court. October 3, 1914.

*P. Cooley,* for plaintiffs in error.

*J. A. B. Mahaffey* and *Ray & Ray,* contra.