S. R. PITNER, ADM'R. v. J. W. FLANAGAN.

Where a creditor of an estate filed his petition in the County Court, alleging that his claim had been allowed and approved, and ordered to be paid, and that the administrator had funds but refused to pay, wherefore he prayed judgment and execution against the administrator, on which petition citation was issued to the administrator and served upon him, it was held that there was no valid objection to this form of proceeding in such a case.

The approval by the Chief Justice of the allowance of a claim by an administrator or executor, is a judgment which cannot be impeached collaterally in the County Court.

Where, on an appeal from the County Court, the proper judgment would have been against the administrator, in his personal capacity, but instead of such judgment, it was decreed that the claim be certified to the County Court to stand as an accepted claim against the estate, and the administrator brought a writ of error, the judgment was reformed at the costs of the plaintiff in error.

Error from Rusk. Heard before the Hon. W. W. Morris. The petition alleged that the County Court had made an

order that the claim should be paid out of the first money coming to the hands of the administrator. There was no statement of facts, nor bill of exceptions.

*M. Casey*, for plaintiff in error.

*B. Smith*, for defendant in error.

LIPSCOMB, J. The proceedings in this case commenced before the Probate Court, by the petition of the defendant in error. He states that he had a claim against the estate of the defendant's intestate ; that his claim had been duly authenticated, and admitted by the administrator ; that it had been allowed by the Judge of the Probate Court ; that an order had been entered at a Term previous to the filing of this petition, by which order of the Probate Court the administrator had been required to pay the amount so admitted and allowed. It alleges that the administrator had ample means in his hands, of the assets of the estate of his intestate, to pay the amount, but had failed to do so ; prays citation and judgment. The citation issued and was served on the administrator. He appeared in obedience to it, and, by consent of both parties, the case was continued to the next Term of the said Court. At the succeeding Term, after hearing the parties, judgment was given for the plaintiff, and execution was awarded against the administrator, and he appealed to the District Court. In that Court he set up exceptions to the manner in which the suit was brought in the Probate Court ; that he should have been called upon to make an exhibit, and settle his accounts. He set up other defences, going to impeach the judgment of the Probate Judge in allowing the claim of the plaintiff. These exceptions were all overruled, and the District Judge affirmed the judgment of the Probate Court, and ordered that the judgment be certified below, and stand as an accepted claim against the said estate. The defendant brought error to reverse the judgment of the District Court.

Pitner v. Flanagan.

The District Court did not err in overruling the exceptions to the manner in which suit was brought in the Probate Court. It would have been sufficient in the Probate Court, for the plaintiff to have ruled the administrator to make an exhibit, and show cause why a judgment should not be entered against him personally for not paying the adjudged claim against the estate of his intestate ; and if a satisfactory showing could be made, and was so made, it would have been a sufficient answer to the rule ; if not, he would be subject to a judgment against him, personally, for the amount. The plaintiff chose to pursue a more formal mode by petition, setting forth the grounds on which he asked judgment, and had the defendant brought into Court by citation. His choosing this mode of bringing his claim for a judgment against the defendant, is no ground of error ; the same defence was left to the defendant, with the advantage of being apprised of the precise ground on which judgment was sought, and the same opportunity of showing that he had not made himself liable, and was not in default.

The defences which go to the judgment of the Probate Judge, in allowing the claim, were all properly overruled by the District Court. We have always regarded this allowance by the Probate Judge as a judgment ; and, like other judgments, not impeachable in a collateral way, but must be done by a proceeding in the District Court, having that object directly in view ; and this may be done by the administrator, or some one interested in the estate. (See Neil v. Hodge's adm'r, 5 Tex. R. 487.) There was no error, therefore, in affirming the judgment of the Probate Court.

But in the order made on the rendition of the judgment we conceive that the District Court erred ; not against the plaintiff in error, but against the defendant ; and it affords the plaintiff no ground of complaint ; but, as the record has been brought before us, we believe it ought to be corrected. We believe that there is error in the final order of the District Judge, directing that the judgment should be certified to the Probate

Court to stand as an accepted claim against the estate. It should have been certified to the Probate Court as a judgment against the administrator personally, and not against the estate of his intestate. This was the judgment of the Probate Court, and there is no doubt entertained by us that it was correct, under our Statute. Art. 1237, Hartley's Digest, is as follows, viz: That the Chief Justice shall have power to enforce obedience to all his lawful orders against executors and administrators, by attachment and imprisonment; provided no such imprisonment shall exceed three days for any one offence. He shall also have power to order the Clerk to issue execution against the estate of an executor or administrator, in favor of any person to whom money has been ordered to be paid by such executor or administrator; such execution shall be returnable in sixty days, &c., &c. So much of the order of the Court below directing the judgment to be certified to the Probate Court and stand as an accepted claim, is reversed and reformed, so as to certify the judgment, and that execution shall issue against the estate of the administrator; at the cost of the plaintiff in error.

                                        Judgment reformed.