HENRY C. LEAVERTON v. MARTHA J. LEAVERTON.

1. It is not error to call for disposal a motion filed to compel an administrator to pay over to the widow the allowance for support of herself and child before it is regularly reached in the regular call of the docket.
2. An order granting an allowance for the support of the widow and children is a judgment, and cannot be impeached in an answer to an application to the court to compel its payment.
3. Such allowance is not subject to the demands of creditors, and the administrator cannot defeat a motion to compel its payment by pleading in offset indebtedness of the widow to the estate.
4. While, in every question of disputed fact, any party interested in the estate or administration shall, on demand, be entitled to a jury, it must clearly appear, that the party demanded a jury upon the trial of such issue, to entitle him to a reversal of the action of the court below for the want of a jury trial.
5. It was not error to order execution to enforce such order against the administrator.

APPEAL from Houston. Tried below before the Hon. Leroy W. Cooper.

This was a proceeding instituted by Martha J. Leaverton, against appellant, to compel him to pay over two years allowance granted her as the surviving widow of James H. Leaverton, deceased, of whose estate H. C. Leaverton is the administrator.

The administrator answered by exceptions and general denial, and set up, by way of defense, that appellee had received large sums of money from the intestate, James H. Leaverton, prior to his death, for the purpose of paying her individual liabilities, and promised to repay the same, but had not done so.

At the July term, 1873, near the close of the session, and after the juries had been discharged for the term, the cause was taken up and disposed of by the court, upon exceptions of plaintiff (appellee) to the defendant's (appellant's) defenses, which were stricken out by the court, and this over the objections of defendant, and the motion granted.

There is no statement of facts.

*Nunn & Williams*, for appellant.—We submit, when a proceeding, although at first brought as a motion, raises questions which can only be disposed of by an investigation of matters of fact raised by the pleadings, then the court loses its power to dispose of it as a motion, and it takes its standing as other civil causes, and its proper place is upon the civil docket. That the cause was not upon the civil docket was no fault of appellant or his counsel, but rather that of the appellee and the clerk. And we submit, that the fact of the original motion being still upon the motion docket and the cause not being upon the civil docket, cannot affect the question as to the erroneous ruling of the court, as the nature of the cause, and not the docket upon which it is placed, must determine the manner of its disposal; and if the cause was improperly upon the motion docket, then

it was the duty of the court to order the clerk to place it in its proper order upon the civil docket, instead of disposing of it as a motion.

Then, as the cause was such as should have been upon the civil docket, and there being matters of defense set up by defendant, the court could dispose of it in only one way—that is, by reaching it in its proper order upon the docket, and a regular trial, either upon the demurrers or upon the matters of fact set up as defense.

We submit, that the court has no power to take up a cause, which is sought to be defended, of whatever nature it may be, at any particular stage, before it is reached in its regular order, and dispose of same on exceptions to defenses; because the statute gives to parties the right to amend their pleadings as often as may be necessary for their interest before the announcement of ready for trial, and the court cannot assume that a party has filed all of his defenses until the time allowed him has expired. (See Art. 54, Pas. Dig.) And as the cause had never been reached in its proper order, the court could not dispose of it at the time and in the manner attempted.

Again we submit, that the matters set up in defendant's answers should constitute a bar to the action of plaintiff, if established by proof. The answers show that Mrs. Leaverton had received funds of her husband, and was still holding them at the time this suit was brought, more than sufficient to satisfy her claim for the year's support; also, that she had taken property of the estate after her husband's death.

Taking these allegations as true, then the property which she had received properly belonged to the estate of her deceased husband, and constituted part of the fund for the payment of the liabilities of same; and being withheld from the administrator by her, his ability to discharge the debts of the estate was lessened to that extent.

Then, can she, with any coloring of justice or equity, come into court and seek to force the administrator to pay her pretended claim, when she herself was withholding from him the means of satisfying same; and when she held property of the estate, not only sufficient to satisfy her claim for the year's support, but which, if properly applied, would have left a considerable fund for the payment of debts in favor of other creditors?

Again, we complain of the action of the court upon the motion, in rendering judgment against the administrator without allegation or proof of funds in hand sufficient to pay the amount of the claim, as clearly erroneous. Article 1341 of Paschal's Digest, which authorizes this mode of proceeding against administrators, expressly requires that, before the order to pay over is made, there must be proof that the administrator "has funds of the estate in his hands sufficient to make such payment, and fails and refuses to make it."

The judgment of the lower court authorized the issuance of an execution against the administrator, which is also contrary to the statute. (See Article 1341 Paschal's Digest; also Article 1479.) The proper order in a case where the administrator is shown to have funds in hand would be, that he pay over the amount due (see Article 1341); and this order could be enforced by an attachment for contempt, in case the administrator failed to comply; but no execution could be issued against the adminstrator in a proceeding of this kind, and the judgment authorizing it is erroneous.

*II. W. Moore,* for appellee, cited Paschal's Digest, Articles 1304, 1305; 14 Texas, 463.

MOORE, ASSOCIATE JUSTICE. — The Constitution declares "that all courts shall be open," and "every person shall have remedy by due course of law," and there-

by guarantees to each litigant the right to a trial of his cause, at the time as well as in form and manner fixed by due course of the law. To protect and secure him in this right, it is provided, in the act to organize District Courts, of May 11, 1846, that "all suits in which answers are filed in due time shall be tried or disposed of in the order in which they stand on the docket or are filed, unless otherwise ordered by the court, with the consent of the parties or their attorneys." This act, if it is treated as applicable to proceedings in the District Courts in matters of probate, certainly cannot be regarded as securing to any party interested, in every disputed fact in the settlement of estates and administrations, the right to the postponement of a trial until all causes or proceedings commenced at an earlier date have been tried or disposed of. If parties are prepared for trial, certainly no injury is done them by the improper delay of some one else's case.

If a case is called up out of its order, and before it could reasonably be anticipated it would be reached, this might require its continuance or postponement until reached in its regular order, or cause for delay obviated. If this was not so in respect to ordinary suits in proceedings such as this, where by motion it is sought to compel an administrator to comply with an order of the court which, from its very nature, the parties in whose favor it was made are entitled to have observed and obeyed at the earliest moment it may be properly done, the administrator cannot certainly demand as a legal right that it shall be continued from term to term until all suits and proceedings brought before it was filed, which have not been reached for want of time, are disposed of on the regular calls of the docket.

There was no error in the action of the court sustaining appellee's exceptions to appellant's answer. The allowance for the support of the widow and child of the

intestate, made by the court at a previous term, was a judgment which could not be questioned except by a direct proceeding for this purpose. (Pitner v. Flanagan, 17 Texas, 7 ; Gray v. McFarland, 29 Texas, 163.) Nor can this be done by an answer to an application to the District Court, in the exercise of its probate jurisdiction, for payment of a claim against an estate. (Smith v. Downs, decided at the present term.) Aside, however, from this, the allowance for the year's support, given by the law to the widow, is not subject to the demand of creditors, and the appellant has no color of right to offset it by any claim which the estate of her deceased husband might be entitled to against her separate estate. By the act of May 27, 1873, to amend the act of August 15, 1870, prescribing the mode of proceedings in the District Court in matters of probate, it is enacted, "That in every ques- tion of disputed fact, any party interested in the estate or administration shall, on demand, be entitled to a jury." And if it appeared from the record that appellant relied upon, or brought to the attention of the court, this general denial of the matters alleged in appellee's motion with a view to contest the same, and demanded a trial by jury, it may be a jury would have been allowed him, although all the facts which appellee was required thereby to establish in support of the motion may have been shown by the record. For if no funds had come into appellant's hands with which he could have paid the amount allowed appellee by the order of the court, this would be matter of defense which he should have averred in his answer. The order of the court, the length of time which had elapsed, would, we think, in the absence of such denial, in connection with the fact that his annual returns, which are not before us, may have shown that he had funds in his hands, authorize the conclusion that appellant should be required to obey the order of the court.

The record, however, does not distinctly show that ap-

pellant demanded a jury, though it may be inferred from the bill of exceptions, by which it is shown, that one of his objections to the motion being taken up at the time was, that "the matters involved were of such a character, as disclosed by pleas in defense, as to require the intervention of a jury," and that the juries had been discharged. But this appears to have been when the motion was called up, and before the court had sustained appellee's exceptions to answers alleging the matters of fact, to which we think reference must have been intended in that part of the bill of exceptions to which we have referred. And as we cannot say that it clearly appears from the record, that after these exceptions were sustained, appellant either asked or desired a jury, we think subsequent matter set out in the bill strongly supports this conclusion, and also goes far to show that appellant did not, on the hearing, present to the court or rely upon his general denial. For without stating what proof was offered, or that any was offered on his part, he excepts to the "rulings of the court in the cause sustaining plaintiff's exceptions to defendant's answer, and awarding judgment in favor of plaintiff for what she claimed without hearing proof of the matters in dispute, further than such as plaintiff saw fit to offer in support of her claim."

Appellant's exceptions to the motion do not appear from the record to have been brought to the attention of the court, and must, therefore, be regarded as having been abandoned. And although it is not clearly and artistically stated in the motion, that appellant had funds in hand with which to pay the amount ordered by the court, yet it is sufficiently so to sustain the judgment. And as there is no statement of facts in the record, we cannot conclude that the judgment was not sustained by the evidence.

The statute authorizes the judgment of the court order-

ing execution against appellant.    (Paschal's Digest, Art. 5691.)

There is no error in the judgment, and it is therefore affirmed.

AFFIRMED.