*Neufville & Neufville*, for plaintiff in error.

*Hendrix & Silverman*, contra.

## 8824. CALDWELL et al. v. ZIMMERMAN.

WADE, C. J. Certain household furniture was set apart as a year's support for the joint use of the widow and five minor children of one Caldwell, in July, 1913. Subsequently a judgment was obtained against the widow alone, and the execution was levied upon the property so set apart. A claim was filed by the widow in her own behalf and as next friend for her minor children, setting up that the property levied upon was a part of the estate of the deceased Caldwell, and had been duly set apart as a year's support for his widow and minor children, and therefore was not subject to the execution. The jury in the justice's court decided in favor of the claimants, and on certiorari the judge of the superior court set aside the verdict. *Held:*

1. The title to the personal property set apart jointly to the widow and

her minor children was vested in them for their joint use and benefit, and was not subject to partition among the beneficiaries of the year's support; nor could a division thereof be compelled, so long as a beneficiary of the year's support existed and still occupied that relation. *Howard* v. *Pope*, 109 *Ga.* 259, 261 (34 S. E. 301). Neither could the property be subjected to payment of a judgment for a debt contracted by the widow individually, in the consideration of which it did not appear that the minors had any interest. Any other ruling would defeat the contemplated purpose of the law in allowing a year's support for the joint use of a widow and minor children, and would in effect be opposed to the principle laid down in the case of *Howard* v. *Pope*, supra.

(a) The justice of the peace did not err in refusing to dismiss the claim, for any of the reasons assigned; as, regardless of some surplusage, there was a proper issue thereby presented for determination in behalf of some (if not all) of the claimants; and the affidavits and bond given were sufficient to preclude the dismissal.

(b) The justice of the peace did not err in repelling as evidence the original statement of account against the defendant in fi. fa., which was offered as the basis of the judgment upon which the fi. fa. had been issued. That statement was irrelevant, as it was immaterial in this case whether the debt was a pre-existing claim against the widow, as in *Hill* v. *Van Duzer*, 111 *Ga.* 867 (36 S. E. 966).

2. The judge of the superior court therefore erred in sustaining the certiorari.　　　*Judgment reversed.*　*George and Luke, JJ., concur.*

DECIDED SEPTEMBER 13, 1917.

Certiorari; from Fulton superior court—Judge Bell. March 28, 1917.

*J. G. Wilson*, for plaintiffs in error.　*S. A. Massell*, contra.