PICKRON *et al. v.* PHILLIPS *et al.*

No. 8156. SEPTEMBER 17, 1931.

W. I. *Geer,* for plaintiffs in error. P. Z. *Geer,* contra.

ATKINSON, J. In 1915 certain land was set apart from the estate of W. A. Phillips, deceased, as a statutory year's support for Mrs. M. L. Phillips, the widow, and C. A. Phillips and other minor children of the deceased. In 1920 Mrs. Phillips individually, C. A. Phillips (who had attained his majority), and P. B. Dozier jointly executed a promissory note payable to another person. After default the note was reduced to judgment by Mrs. J. C. Pickron against the three makers. A part of the land was levied on and sold as the property of Mrs. Phillips, and a deed was executed by the sheriff to Mrs. Pickron the purchaser. In a subsequent suit instituted by Mrs. Phillips in her own behalf and as next friend for the remaining minor children, suing as beneficiaries of the year's support, against Mrs. Pickron and the sheriff, to cancel the sheriff's deed as a cloud upon title, and enjoin eviction from the land, a verdict was returned for the plaintiffs. The

exception is to the overruling of the defendants' motion for a new trial.

1. When the case was before the Supreme Court on exception to the grant of a temporary injunction, the following rulings were made: (a) "Where property of a deceased person has been set apart, in conformity with the statute, as a year's support for the widow and minor children of the deceased, such property can not be sold at sheriff's sale under a fi. fa. based on a common-law judgment against the widow, based on a debt of the widow that was not created for the support and maintenance of the family." (b) "Where the widow knows that such property has been levied upon and advertised for sale by the sheriff, under a fi. fa. of the character mentioned in the preceding note, the mere fact that she does not file a statutory claim to the property to prevent the sale will not estop her from subsequently seeking a writ of injunction against the purchaser who was the plaintiff in fi. fa., and the sheriff, from dispossessing the widow and the remaining minor children from the property." (c) "Under conflicting evidence the judge did not err in granting the temporary injunction." *Houston* v. *Phillips,* 159 *Ga.* 344 (125 S. E. 713).

2. An instruction to the jury: "The court charges you that whenever property is set aside to a wife or widow and her minor children for a year's support, that the title vests in the widow, and that the property must be used for the support and maintenance of herself during her lifetime or widowhood and for the support of the minor children during their minority, unless for other reasons it will become necessary to use the property for the support of the minor children," was not erroneous as against the plaintiff in error in this case.

3. The instruction: "It is insisted in this case, first, by Mrs. Phillips that she rented this property, the land and stock, to C. A. Phillips and L. Z. Dozier, for which they agreed to pay her a certain amount as rent, that she was under no obligation to furnish them supplies for the running of the place, and that they undertook to secure the supplies for operating the place from Mrs. Pickron, to whom the note was made, and that she become security for the payment of the debt. Now I charge you if you find that to be the truth of the case, you would find in favor of the plaintiff, and find in favor of the injunction and cancellation of the

deed," was not erroneous as being unauthorized by the evidence or contrary to law and confusing.

4. The instruction: "I charge you that a widow can incumber and create a debt as trustee that would be binding upon the property set aside to her as a year's support," while not entirely accurate, is not cause for reversal on the ground that "the question of trusteeship or trust property was not involved in the case."

5. The instruction: "It is insisted also by the plaintiff in this case, that the supplies were furnished directly to C. A. Phillips and L. Z. Dozier, and that they got the benefit of the supplies, and that this fact was known to the Pickrons to whom the note was made, that they knew that the supplies were being furnished to Phillips and Dozier and that they were getting the benefit thereof, and that Mrs. Phillips as the head of the family did not get the benefit for herself and the minor children thereof," considered in connection with other portions of the charge, was not erroneous, as contended, because it unduly stressed the plaintiffs' side of the case and made no corresponding statements of the contentions of the defendants.

6. The court instructed the jury: "If you find from the evidence in the case that the supplies were furnished to Mrs. Phillips to enable her to operate the farm for the benefit of herself and her minor children, and that was the intention of the parties at the time, then you would find for the defendants in the case, though you may find that she did not receive any benefit from the rent of the property." Having thus charged, it was not erroneous, without request, to omit to charge the jury that if they should find that C. A. Phillips and Dozier applied to the Pickrons for credit for supplies to make a crop on the land, and were refused, and thereafter Mrs. Phillips "went in person to the Pickrons and induced them to sell the supplies to her to make the crop on this year's support land, and gave her note" for the supplies, the land would be bound for the debt.

7. The evidence was sufficient to support the verdict for the plaintiff; and the judge did not err, for any reason assigned, in refusing a new trial.

*Judgment affirmed. All the Justices concur.*