[Cite as *In re Estate of Cvanciger*, 2015-Ohio-4318.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

ESTATE OF DOROTHY M. CVANCIGER    :       **O P I N I O N**
aka DOROTHY M. STARLIN, DECEASED

                                          :

                                          :       **CASE NO. 2014-L-095**

                                          :

Appeal from the Lake County Court of Common Pleas, Probate Division, Case No. 12 ES 0421.

Judgment: Affirmed.

*L. Bryan Carr,* Carr, Feneli & Carbone Co., L.P.A., 1392 S.O.M. Center Road, Mayfield Heights, OH 44124 (For Appellant – Sharon Pinkerman).

*Paul R. Malchesky,* Cannon, Aveni & Malchesky Co., L.P.A., 41 East Erie Street, Painesville, OH 44077 (For Appellee – Cecil Starlin).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Sharon Pinkerman, executrix of the estate of her deceased mother, Dorothy M. Cvanciger aka Dorothy M. Starlin, appeals the judgment of the Lake County Court of Common Pleas, Probate Division, granting the motion of appellee, Cecil Starlin, Mrs. Starlin's surviving spouse, for the statutory allowance for support. We are asked to determine whether the allowance for support available to a surviving spouse is an absolute right or whether it is waived if not timely exercised. For the reasons that follow, we affirm.

{¶2}   Mr. Starlin is 84 years old.  He and Mrs. Starlin married in 1998.  Mrs. Starlin passed away on April 8, 2012, leaving Mr. Starlin and four adult children from a prior marriage, Ms. Pinkerman, Lisa Layton, Jeffrey Cvanciger, and Mark Cvanciger.

{¶3}   Mrs. Starlin executed a will on December 16, 1999.  The will provided that Mr. Starlin could remain in the "mansion house" in Wickliffe, Ohio (residence) for one year rent-free, but she did not leave him any property or money.

{¶4}   The will gave Mrs. Stalin's personal property to Ms. Pinkerman and Ms. Layton, and left the residue of the estate to Mrs. Starlin's four children equally.

{¶5}   Further, Mrs. Starlin appointed her daughter, Ms. Pinkerman, to be executrix of the estate.

{¶6}   Ms. Pinkerman filed this proceeding to probate her mother's will on July 13, 2012.  According to the Inventory, the residence was the only asset of the estate.

{¶7}   On July 18, 2012, the court appointed Ms. Pinkerman executrix.

{¶8}   Also on July 18, 2012, the court issued a citation to Mr. Starlin, as required by R.C. 2106.01, "citing" him to exercise his statutory rights as a surviving spouse. Along with the citation, the court sent to Mr. Starlin a "Summary of General Rights of Surviving Spouse" form, which summarized the rights of a surviving spouse under R.C. Chapter 2106.  The citation advised him that most of the rights must be exercised within five months from the date of the appointment of the executor.

{¶9}   One month later, on August 27, 2012, Mr. Starlin filed his election to take against the will.

{¶10}  After not receiving the statutory allowance for over one year after Ms. Pinkerman was appointed executrix, on December 31, 2013, Mr. Starlin filed a "Motion

for Allowance of Support" pursuant to R.C. 2106.13. In his motion, he asked that, upon sale of the residence, the court order the first $40,000 be paid to him as his allowance for support pursuant to R.C. 2106.13. Ms. Pinkerman sold the residence with the court's consent in December 2013 for $42,800.

{¶11} On January 13, 2014, the court granted Mr. Starlin's motion for allowance of support. However, the next day, January 14, 2014, Ms. Pinkerman filed an objection to Mr. Starlin's motion for allowance of support, arguing the motion was untimely. The court vacated its approval of the allowance for support, and set the matter for hearing on Mr. Starlin's motion for allowance and Ms. Pinkerman's objection thereto.

{¶12} At the hearing on February 27, 2014, Ms. Pinkerman, citing R.C. 2106.25, argued that Mr. Starlin's motion for allowance of support was not timely filed. Mr. Starlin's attorney acknowledged that the motion for allowance was not filed within the five-month limitation period set forth in that statute, but said the court "can grant extensions" and asked the court to "treat [Mr. Starlin's motion for allowance] as timely filed."

{¶13} The magistrate found that Mr. Starlin did not waive the allowance for support and that he was entitled to the statutory allowance.

{¶14} Ms. Pinkerman filed objections to the magistrate's decision. On September 2, 2014, the trial court entered judgment overruling her objections and finding that Mr. Starlin was entitled to the allowance for support. Ms. Pinkerman appeals the trial court's judgment, asserting the following for her sole assignment of error:

3

**{¶15}** "The trial court erred in adopting the magistrate's decision, granting the motion for allowance of support."

**{¶16}** Ms. Pinkerman argues that Mr. Starlin's motion for allowance of support was not timely filed and that the trial court thus erred in granting the motion. Mr. Starlin argues, however, that this argument misses the point because R.C. 2106.13 creates an absolute right in favor of a surviving spouse to receive $40,000 upon the death of the surviving spouse's husband or wife, implying the statutory allowance need not be timely requested in order for the surviving spouse to be entitled to it.

**{¶17}** We are asked to determine whether the statutory allowance for support provided for at R.C. 2106.13 is an absolute right and thus automatic or whether it must be exercised within the five-month limitation period found in R.C. 2106.25, like the other rights provided to a surviving spouse under R.C. Chapter 2106.

**{¶18}** A trial court's decision to adopt, reject, or modify a magistrate's decision is reviewed for an abuse of discretion. *In re Gochneaur*, 11th Dist. Ashtabula No. 2007-A-0089, 2008-Ohio-3987, ¶16. This court has stated that the term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *Gaul v. Gaul*, 11th Dist. Ashtabula No. 2009-A-0011, 2010-Ohio-2156, ¶24.

**{¶19}** We are asked to apply and interpret R.C. 2106.13 concerning the statutory allowance for support. "The trial court's construction of statutes * * * involves questions of law, which we review de novo." *Beaumont v. Kvaerner N. Am. Constr.*, 11th Dist. Trumbull No. 2013-T-0047, 2013-Ohio-5847, ¶8.

{¶20} An appellate court cannot interpret a statute, unless the statute is ambiguous. *Wetland Pres. Ltd v. Corlett*, 11th Dist. Ashtabula No. 2011-A-0034, 2012-Ohio-3884, ¶34, citing *Chambers v. Owens-Ames-Kimball Co.*, 146 Ohio St. 559, 566 (1946). An ambiguity exists if the language is susceptible to more than one reasonable interpretation. *State v. Swidas*, 11th Dist. Lake No. 2009-L-104, 2010-Ohio-6436, ¶17.

{¶21} "'[I]f the meaning of a statute is clear on its face, then it must be applied as it is written.'" *Hartmann v. Duffey*, 95 Ohio St.3d 456, 2002-Ohio-2486, ¶8, quoting *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.*, 69 Ohio St.3d 521, 524 (1994). "Thus, if the statute is unambiguous and definite, there is no need for further interpretation." *Hartmann, supra.* "'To construe or interpret what is already plain is not interpretation but legislation, which is not the function of the courts.'" *Lake Hosp. Sys., Inc., supra*, quoting *Iddings v. Jefferson Cty. School Dist. Bd. of Edn.*, 155 Ohio St. 287, 290 (1951). "Where the language of a statute is plain and unambiguous * * *, there is no occasion for resorting to rules of statutory interpretation." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.

{¶22} R.C. 1.49 provides that if a statute is ambiguous, the court, in determining the intention of the legislature, may consider, inter alia, the object sought to be achieved; the circumstances under which the statute was enacted; the legislative history; the common law concerning the same or similar subjects; and the consequences of a particular construction.

{¶23} R.C. 2106.13, regarding the allowance for support, provides in part:

{¶24} (A) If a person dies leaving a surviving spouse and no minor children, * * * the surviving spouse * * * *shall be entitled to receive* *

* * in money or property the sum of forty thousand dollars as an allowance for support. * * * The money or property set off as an allowance for support shall be considered estate assets.

**{¶25}** (B) The probate court *shall order the distribution of the allowance for support* described in division (A) of this section as follows:

**{¶26}** (1) If the person died leaving a surviving spouse and no minor children, one hundred per cent to the surviving spouse * * *. (Emphasis added.)

**{¶27}** "The use of the word 'shall' in a statute indicates the provision's mandatory nature, leaving the court with no discretion." *In re Dohm*, 11th Dist. Lake No. 2010-L-091, 2011-Ohio-1166, ¶11, citing *State ex rel. Law Office Pub. Defender v. Rosencrans*, 111 Ohio St.3d 338, 2006-Ohio-5793, ¶31.

**{¶28}** Thus, the legislature's use of the phrases "shall be entitled" to the allowance and "the probate court shall order the distribution" in R.C. 2106.13(A) and (B) indicate the mandatory nature of the statute, leaving the court with no discretion in distributing the allowance to the surviving spouse. According to the clear and unambiguous provisions of R.C. 2106.13(A) and (B), Mr. Starlin, as the surviving spouse, was absolutely entitled to the statutory allowance and the trial court had a mandatory duty to order it be distributed to him. Thus, we need not determine the legislature's intent in enacting R.C. 2106.13.

**{¶29}** In any event, even if it was necessary for us to determine legislative intent, the application of the rules of statutory construction that follows reveals the legislature's intent in enacting the statutory allowance was to give the surviving spouse an absolute,

6

automatic right to a monetary allowance for his or her temporary support in the aftermath of the deceased spouse's death.

{¶30} First, in comparing the allowance for support in R.C. 2106.13 with the other rights available to a surviving spouse in R.C. Chapter 2106, the statutory allowance is the only right that is unqualified and not contingent upon compliance with an expressly-stated procedure or limitations period. As such, entitlement to the allowance for support is not conditioned on compliance with R.C. 2106.25, which sets forth the general five-month limitation period for the exercise of the rights of a surviving spouse. That section provides:

> {¶31} [A] surviving spouse shall exercise all rights under Chapter 2106. of the Revised Code within five months of the initial appointment of an executor * * * of the estate. It is conclusively presumed that a surviving spouse has waived any right not exercised within that five-month period or within any longer period of time allowed by the court pursuant to this section. Upon the filing of a motion to extend the time for exercising a right under Chapter 2106. of the Revised Code and for good cause shown, the court may allow further time for exercising the right that is the subject of the motion.

{¶32} Thus, while the statutory rights available to a surviving spouse must generally be exercised within five months of the appointment of the fiduciary, the lack of any contingencies to the allowance for support indicates the legislature did not intend to require a surviving spouse to assert the allowance for support within the statutory limitation period in order to be entitled to it.

7

{¶33} Second, while the five-month limitation period in general does not apply to the statutory allowance, R.C. 2106.13 sets forth one situation in which that limitation period does apply. R.C. 2106.13(D) provides that If the probate court is required to "allocate" (i.e., divide the allowance for support between the surviving spouse and minor children), then the executor must file with the probate court an application to allocate the allowance for support within five months of the appointment of an executor. The legislature did not, however, attach the five-month limitation period to the right of the surviving spouse to the statutory allowance when there is no need to allocate or divide the allowance.

{¶34} This court has held that the canon of construction "expressio unius est exclusio alterius" means that the inclusion of one thing in a law implies the exclusion of another. *Vasquez v. Windham*, 11th Dist. Portage No. 2005-P-0068, 2006-Ohio-6342, ¶28. Because R.C. 2106.13 only includes the five-month limitation period in R.C. 2106.13(D) when an allocation among beneficiaries is necessary, this indicates the legislature intended to exclude the limitation period when allocation among beneficiaries is not necessary such as here, where the surviving spouse is the only available recipient of the allowance.

{¶35} Third, the common law in Ohio supports the conclusion that the right to the statutory allowance is absolute and automatic. In *Leyshon v. Miller*, 4th Dist. Washington No. 93CA37, 1994 Ohio App. LEXIS 4885 (Oct. 20, 1994), the Fourth District held:

{¶36} [R.C. 2106.13] creates an *absolute right* in a surviving spouse to receive $25,000 in money or property upon the death of their

8

husband or wife where there are no minor children. The use of the word "shall" in the statute indicates that the distribution of such funds is mandatory. Further, this allowance is given regardless of whether the surviving spouse takes under the will. *See* R.C. 2106.05 ("An election to take under the will does not bar the right of the surviving spouse * * * to receive the allowance for support provided by section 2106.13 of the Revised Code.") *Leyshon, supra*, at *9-*10.

{¶37} Although the right to the statutory allowance is absolute, it can be waived. R.C. 2106.13(E). In *In re Estate of Earley*, 4th Dist. Washington No. 00CA34, 2001 Ohio App. LEXIS 4286 (Aug. 24, 2001), the surviving spouse/executrix took action that was inconsistent with her right to receive the allowance for support by transferring the sole asset from which the allowance could have been paid to an estate beneficiary. Thus, there was nothing left in the estate from which the allowance for support could have been paid to her. *Id.* at *3-*4. In these circumstances, the Fourth District held that the surviving spouse by her actions waived the allowance for support. *Id.* at *13. *Accord In re Burchett*, 16 Ohio App.2d 45 (3d Dist.1968), paragraph one of the syllabus (the surviving spouse waived her right to the allowance for support by directing the administratrix to pay the bills of the estate even if such payment resulted in no money being left for distribution to her).

{¶38} Ohio courts have alluded to the absolute and automatic nature of the statutory allowance in several different contexts. First, in *Norwood-Hyde Park Bank & Trust Co. v. Howard*, 32 Ohio N.P. (n.s.) 191, 1934 Ohio Misc. LEXIS 1450 (Hamilton

9

C.P.1934), the court explained the statutory allowance in the context of whether it was subject to execution in satisfaction of a judgment against the surviving spouse. The court stated:

> **{¶39}** The law of Ohio gives this allowance to the widow *as a matter of right, not of discretion*, for her support * * * and for no other purpose. The law provides that appraisers shall set aside the allowance; if they fail, the court may order it. Should the widow die before the allowance is set off to her, her administrator may apply for and have it set off. *Id.* at 194. (Emphasis added.)

**{¶40}** The court in *Howard, supra,* stated that the statutory allowance is based on the public policy aimed at protecting the surviving spouse and children from the distress and economic need often caused by the recent loss of their supporter and protector. *Id.* at 193.

**{¶41}** Ohio courts have also indicated that without a will or an antenuptial agreement barring the statutory allowance, it is automatic. In *Jacobsen v. Cleveland Trust Co.*, 6 Ohio Misc. 173 (C.P. Lake 1965), the plaintiff-widow filed a petition seeking the cancellation of an antenuptial agreement between her and her deceased husband. In the antenuptial agreement, the widow expressly disclaimed all right to share in her husband's estate upon his death, including her statutory allowance. The court stated: "Unless barred by an antenuptial agreement or 'the will expressly directs otherwise' as required by R.C. [R.C. 2106.05], a widow is entitled to her * * * allowance * * *." *Jacobsen, supra*, at paragraph one of the syllabus. *Accord In re Estate of Reddick*, 102 Ohio App.3d 488, 490-491 (3d Dist.1995) (where wife takes under husband's will and

10

will expressly states wife is not entitled to statutory allowance for support, wife is barred from receiving the allowance).

**{¶42}** Further, in *Gearheart v. Cooper*, 1st Dist. Hamilton Nos. C-050532, C-060170, 2007-Ohio-25, the First District indicated that a valid antenuptial agreement divesting the wife of the right to take anything in the husband's estate would have prevented the wife from obtaining the statutory allowance. *Id.* at 21.

**{¶43}** Thus, without a valid antenuptial agreement barring the allowance or a will expressly divesting the surviving spouse of the statutory allowance, it is absolute and automatic.

**{¶44}** Distilled to their essence, the foregoing authority establishes that in Ohio, the statutory allowance for support is treated differently than other rights available to a surviving spouse. The allowance is considered an absolute right, and the probate court is mandated by statute to order the distribution of the allowance to the surviving spouse unless it is waived. The probate court cannot exercise its discretion or judgment in any way that would result in the termination of such right. Further, the right to the statutory allowance is based on public policy aimed at protecting the surviving spouse and children. Further, the surviving spouse is entitled to the allowance unless it is barred by a valid antenuptial agreement or the will expressly bars the surviving spouse from receiving it. Unless it is so barred, the statutory allowance is automatic and the surviving spouse is not required to request it within the five-month limitation period provided for in R.C. 2106.25.

**{¶45}** Here, the will did not expressly divest Mr. Starlin of the right to receive the statutory allowance. Nor was there any antenuptial agreement barring his right to the

11

allowance. Moreover, the funds in the estate have not been distributed and are available to pay the allowance. Finally, Mr. Starlin never took any action inconsistent with his right to the statutory allowance, and, thus, as the trial court found, he did not waive the allowance for support. *Earley, supra.* We therefore hold the trial court did not err in finding that Mr. Starlin was entitled to the allowance for support, despite the fact that it was not filed within five months of Ms. Pinkerman's appointment.

**{¶46}** For the reasons stated in the opinion of this court, the assignment of error lacks merit and is overruled. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Probate Division, is affirmed.


COLLEEN MARY O'TOOLE, J., concurs,

THOMAS R. WRIGHT, J., dissents with a Dissenting Opinion.

_____

THOMAS R. WRIGHT, J., dissents with a Dissenting Opinion.

**{¶47}** I dissent.

**{¶48}** The majority goes awry in applying a fairly basic statutory scheme. R. C. Chapter 2106 confers various rights. Each and every one of those rights, however, has a time limit. Some provisions have a self-contained time limit applicable to that provision only, i.e., R.C. 2106.10, while other provisions do not. For those provisions without a self- contained time limit, the catch-all provision governs.

**{¶49}** R.C. 2106.25 states:

12

{¶50} "*Unless otherwise specified* by a provision of the Revised Code or this section, a surviving spouse *shall exercise all* rights under Chapter 2106 of the Revised Code *within five months* of the initial appointment of an executor or administrator of the estate. It is *conclusively presumed that a surviving spouse has waived* any right not exercised within that five-month period or within any longer period of time allowed by the court pursuant to this section * * *." (Emphasis added.)

{¶51} Accordingly, to properly decide this case one need consider three simple questions: (1) is the right at issue conferred by Chapter 2106; (2) is the time limit for exercising otherwise specified; and (3) was the right exercised within five months of the initial appointment?

{¶52} Answering in order: (1) the right at issue is a Chapter 2106 right; (2) a time limit for exercising is not otherwise specified; and (3) it was not exercised within five months. Accordingly, the right was conclusively waived.

{¶53} In construing statutes that relate to the same general subject matter, a court is required to read the various provisions in *pari material* such that all statues are accorded proper force and effect. *United Telephone Co. of Ohio v. Limbach,* 71 Ohio St.3d 369, 1994-Ohio-209, 643 N.E.2d 1129 (1994); *Jones v. Auburn Twp. Bd. of Zoning Appeals*, 11th Dist. Geauga No. 2011-G-3033, 2012-Ohio-6124, ¶25. Moreover, when the meaning of a statute is clear on its face, it must be applied as written. *Hartmann v. Duffey*, 95 Ohio St.3d 456, 2002-Ohio-2486, 768 N.E.2d 1170, ¶8.

{¶54} Both R.C. 2106.13 and 2106.25 are clear and unambiguous. Giving both their due, the former grants the right and the latter sets the time limit for exercising as well as the ramifications for not doing so.

{¶55} Contrary to the majority, the right is not "automatic and absolute," it is "use it or lose it".   While a surviving spouse shall be entitled to receive an allowance for support when timely asserted, the failure to do so results in conclusive waiver.