## Cox *vs.* Cody & Company *et al.*

1. Where objection was made to the introduction in evidence or an exemplification from the records of the court of ordinary, showing the setting apart of a year's support, on the ground that the order did not recite the names of the administrators upon whom the application was served, it appearing that the administrators of the decedent, out of whose estate the year's support was asked, acknowledged service on the application, the objection was properly overruled.

(a.) Although there may be a ground of objection to testimony which would have been good if made, yet if the objection made be not good, it will be overruled.

2. Where land was set apart to a widow as a twelve months' support for herself and minor children, she had the right to sell and convey the title; and where she also had the land set apart as a homestead to her, as the head of a family consisting of herself and minor children, and conveyed the same in 1871, with the approval of the ordinary, she, at the same time, had the right to sell the property as the twelve months' support; and all the title to the land passed to her vendees.

February 9, 1886.

Evidence. Year's Support. Homestead. Title. Before Judge RONEY. Warren County. At Chambers. July 23, 1885.

To the report contained in the decision, it is necessary to add only that the defendants in ejectment (complainants in the bill) relied on a deed made in 1871 by Mrs. Ann D. Wallace (now Ann D. Cox) to E. P. Heath and R. A. Heath, under whom the complainants claimed. This deed purported to convey the interest of Mrs. Wallace and her two minor children in the lot, in fee simple, and recited that it had been set apart as a homestead to them, since the death of her husband, from his estate, and that a part of the consideration of the deed was for improvements made on the property. This deed was approved by the ordinary. The complainants, among other things, set up the limitation act of 1876, and the equities arising to them from the nature of the consideration paid for the property. It appeared from the evidence that, after the death of her husband, Mrs. Wallace (now Cox), applied for a year's support, and the appraisers appointed set aside the land now in dispute. Their return was dated May 23, 1870. The application to have the property set apart to her as a homestead, as the head of a family, consisting of herself and children, was in May, 1871, and was approved June 14, 1871. The deed to the Heaths was made June 23, 1871.

The jury found for the complainants. The defendant moved for a new trial, which was refused, and she excepted.

SEABORN REESE; J. T. JORDAN; HARRISON & PEEPLES, for plaintiff in error.

JAMES WHITEHEAD, for defendants

BLANDFORD, Justice.

The plaintiff in error, on behalf of herself and her two

minor children, as the only heirs at law of Charles Wallace, deceased, brought an action of ejectment to recover a certain tract or parcel of land in Warren county. The defendants in error filed their bill to enjoin this action, upon the ground that the land had been set apart as a homestead to Mrs. Wallace (now Cox), as the head of a family of minor children—there being two minor children of Charles Wallace, deceased, and the said Ann D., his widow—out of the estate of said deceased, and that she, as head of the family, with the approval of the ordinary, in 1871, had conveyed the land by deed to them. On the trial of the case, the complainants introduced and offered to read in evidence an exemplification from the records of the court of ordinary, showing that the land in controversy had been set apart to Mrs. Wallace and two minor children as a twelve months' support before the grant of the homestead. This was objected to, upon the ground that the order did not recite the names of the administrators upon whom the application was served. It appearing that the administrators of Charles Wallace, deceased, acknowledged service on such application, the court overruled the objection and admitted the evidence, and this is the main ground of error relied on. If the objection had been to the materiality of the evidence, there being no issue made by the pleadings which the evidence could illustrate, then objection would have been good, but the objection to the evidence being upon special grounds, the same was properly overruled by the court.

When the land was set apart to Mrs. Wallace as a twelve months' support for herself and minor children, she had the right to sell the same, and her conveyance conveyed the title. So when Mrs. Wallace conveyed the land to defendants in error, and specified and set out the same as her homestead, she, at the same time, had the right to sell the same as her twelve months' support, and all the title to the land passed to her vendees.

Judgment affirmed.