WHITT v. KETCHUM.

General allowance from the estate of a decedent for a year s support, if not consumed during the year, will stand over for the support of the widow and minors afterwards, so long as they are members of the family and fill this description. Children attaining majority or ceasing by marriage to be of the family, cannot, during that time, coerce partition of land thus allowed and set apart, the whole land being charged with the support of the family.

SIMMONS, J., not presiding, because of sickness.

December 13, 1889.

Year's support. Minors. Partition. Before Judge MILNER. Whitfield superior court. April term, 1889.

In 1884, James Ketchum died, leaving a widow and seven minor children; also an estate of realty and personalty, which, on application by the widow, was duly set apart by the ordinary as a year's support for her and the children. One of these, more than a year subsequently, married Whitt, and on May 31, 1887, made application to the superior court for a partition of the property. This application was resisted by the widow, upon the ground that the property could not be divided until the family should cease to be such. The applicant admitted that the other six children were minors. The court sustained the objection, and the applicant excepted.

R. J. & J. McCAMY, for plaintiff.

S. P. MADDOX and W. C. GLENN, for defendant.

BLECKLEY, Chief Justice.

The support contemplated by section 2571 of the code is that of the widow and minor children for twelve months. But if the allowance be set apart, not severally to each member, but to the family as a whole, and al of it is not consumed, we think the residue, whether in money or property, stands over to be used afterwards by the widow and such of the children as continue minors, until there is no longer either widow or minor in the

family.   If the allowance be in land, it is not subject to partition, so long as there is either a widow or minor child to be supported.   The land is subject to sale by the widow for the purpose of deriving a support from it for herself and any minor child, and this right she could not exercise consistently with the right of any of the children to have partition, so long as there is a minor child to be supported.

This view of the law is, we think, not only consistent with the scheme of the statute, but is harmonious with the cases heretofore decided by this court on the general subject, some of which are: *Tabb* v. *Collier*, 68 *Ga.* 641; *Cleghorn* v. *Johnson*, 69 *Ga.* 369; *Steed* v. *Cruise*, 70 *Ga.* 168; *Woodbridge* v. *Woodbridge*, 70 *Ga.* 733; *Cheney* v. *Cheney*, 73 *Ga.* 66; *Stewart* v. *Stewart*, 74 *Ga.* 355; *Cox* v. *Cody & Co.*, 75 *Ga.* 175; *Farris* v. *Battle*, 80 *Ga.* 187; *Brown* v. *Joiner*, 80 *Ga.* 486.

It follows that there was no error in dismissing the proceeding for partition in the present case.

*Judgment affirmed.*