ROBERTS *v.* DICKERSON, administrator.

1. Where prior to the passage of the act of 1885, amending section 2573 of the code and providing for the publication of a citation in case of an application for a year's support, a widow applied for a year's support for herself and one minor son, which was duly set apart by the appraisers, and their return, to which no objection was ever filed, was made and remained on file in the ordinary's office for more than six months before the minor became of age, the title to the property embraced in the year's support, including a tract of land, vested in both the mother and son, and the interest of the latter was not divested because the ordinary delayed the actual recording of the appraisers' return until after the son became of age.

2. Where in such case the son after reaching his majority died, his administrator could not, while the mother remained upon the land using it for the purpose of obtaining a support, sell or otherwise administer an undivided one half of the land as the estate of the son.

April 1, 1895. By two Justices. Brought forward from the last term.

Claim. Before Judge HENRY. Walker superior court. February term, 1894.

COPELAND & JACKSON and R. M. W. GLENN, for plaintiff in error. LUMPKIN & SHATTUCK, *contra.*

LUMPKIN, Justice.

Prior to the passage of the act of October 9, 1885 (Acts of 1884–5, p. 50), section 2573 of the code required appraisers appointed to set apart a year's support to file their return with the ordinary, to which return any person interested might, at any time within six months, make objections; but where none were so made, or, if made, disallowed, it was the duty of the ordinary

to record such return in a book kept for that purpose. This section was amended by the act above mentioned, so as to require the ordinary, upon the filing of the appraisers' return, to issue and publish a citation notifying all persons concerned to show cause why the application for the year's support should not be granted, etc.

In the case with which we are now dealing, the year's support was set apart long before this change in the law was made, and therefore the proceedings were had under the law as it then stood. It appears that when the widow of Elijah Moore, Sr., made an application for a year's support out of his estate, she had one minor son, and the application was made for the benefit of herself and him. The order appointing the appraisers was dated November 3, 1873, and their return was filed in November or December of that year. Included in the year's support set apart was a tract of land. This return remained on file for more than six months before the minor son became of age, and no objections to it were ever made, but it was not actually recorded by the ordinary until October 20th, 1874. At that time the son had attained his majority.

1. The first question presented for our determination is, whether or not under these facts the son had any interest or title in the land embraced in the year's support. The ruling of this court in *Lowe* v. *Webb,* 85 *Ga.* 731, following section 2574 of the code, recognizes as sound law the proposition that a minor child for whose benefit in part a year's support is granted, shares with the mother in the title. Indeed, the section last cited distinctly declares that the property "shall vest in the widow and child or children; and if no widow, in such children, share and share alike." If, therefore, the son in the present case had been a minor at the time the year's support was actually recorded, there could be no doubt that he would have been entitled to an undivided

half-interest in the land. It was insisted, however, that as he was of full age at the time this record was made, he had no interest in the property. We do not think the question of his interest is to be determined merely by reference to the date when the ordinary actually put the return of the appraisers on the record book. After this return had been on file for more than six months without objection, the year's support became valid and binding upon all the world, and the son's interest in it became vested, he being, when the six months expired, still a minor. It was the duty of the ordinary to record the return as soon as the six months expired. The mere fact that he failed to perform this clerical work certainly could not divest the minor's title. As to him, the matter stands as if the ordinary had done what he ought to have done. To hold otherwise would result in manifest injustice, and occasion injury to an innocent party because of official negligence which it was neither his duty, nor within his power, to prevent.

2. The remaining question to be disposed of is, whether or not the administrator of the son could, under the facts above stated, sell or otherwise administer an undivided half of the land as his estate while the mother remained upon, and derived a support from, the land. We think not. In *Whitt* v. *Ketchum*, 84 *Ga.* 128, this court decided that where land was set apart as a year's support for the benefit of a widow and minor child, and was not consumed during the year, it would stand over for the support of the widow and also the minor so long as they were members of the family and filled this description; but that after attaining majority the minor could not, while the widow remained upon the land, coerce a partition of the land, the whole of it being charged with the support of the family. In accordance with this principle, we hold in the present case that the son's administrator could not break up or

·destroy the mother's use and enjoyment of the land as a year's support, so long as she remained upon it. The question as to what may be the rights of this administrator after her death, is not now before us for determination.                                        *Judgment reversed.*