MILLER *v.* ENNIS, administrator.

When a year's support in money and other personalty has been set apart to a widow for herself and one minor female child, the latter can not, though she has married and moved to her husband's home, compel the administrator of her deceased father's estate to pay over to her any portion of the money embraced in such year's support which still remains in the administrator's hands.

Argued March 25, — Decided April 22, 1899.

Injunction.  Before Judge Henry.  Floyd superior court. December 12, 1898.

J. J. Miller died on October 20, 1894, and Ennis became his administrator.  He left a widow and one minor daughter, Adella.  This minor was married on March 31, 1895, to Frank Miller, and thereupon removed from the house of her mother and settled with her husband upon an adjoining piece of land.  She attained majority on May 24, 1895.  In the previous month the widow had applied to the ordinary for the setting apart of a year's support for herself and the minor, and on April 29, 1895, the commissioners appointed for the purpose set apart to the widow and minor $240 in money and all of the household and kitchen furniture and domestic fowls.  Of the money so set apart the widow received from the administrator $108.48. On December 12, 1895, the administrator filed in the superior court his petition for direction, against all the heirs at law of J. J. Miller.  The case was referred to an auditor, who, on April 28, 1896, made his report, finding, among other things, that the balance of the sum set apart as year's support should be paid to the widow, and that Adella Miller had no claim to any part of the same; she having by her counsel contended that she was entitled to $120 of the amount.  Two other heirs

at law, F. W. Miller and Ella Rich, excepted to this part of the auditor's report, upon the ground that half of the sum set apart as a year's support should remain in the estate as a part of it.   This exception was overruled by the court, and the auditor's finding ordered to be made the judgment of the court; and a decree was entered, ordering the administrator to administer the estate in accordance with the auditor's findings.   Before he paid the balance of the sum set apart as year's support to the widow, he was notified by Adella Miller that if he did so he would be held liable therefor on his bond; and she subsequently brought suit against him in the superior court, to recover the sum of $120, claiming it as her part of the year's support.   The widow brought a proceeding against him in the court of ordinary, to recover the same.   Whereupon, on December 3, 1898, he brought to the superior court his petition for injunction against both these suits.   The widow filed an answer and cross-petition.   Adella Miller answered, denying that the question of year's support had ever been adjudicated by any court; and claiming that the year's support was set apart to her as well as to her mother; and that the title thereto was in the widow and the minor, and not in the widow solely. She also set up that she had been forced to support herself from the death of her father until she married, independently of any aid from the estate, and that she had incurred a debt for necessary clothing, amounting to $16.16, etc.

Upon the foregoing facts the court ordered the defendants to be enjoined from proceeding with their suits against the administrator; and ordered him to pay to the widow within ten days the balance of the money set apart as year's support, with interest.   To this judgment Adella Miller excepted.

*J. B. F. Lumpkin,* for plaintiff in error.
*Nat Harris* and *W. H. Ennis,* contra.

LITTLE, J.   The only point which arises in the case is, whether, after a year's support in money has been set aside to a widow and minor child, such minor, who voluntarily removes from the residence of her mother and relinquishes further care and support by her, can recover for her own separate use any part of

the sum set apart as a year's support for the widow and minor child. We think not. The support of the widow and minor child of a decedent is one of the highest charges against his estate. The period for which this support shall be continued is one year, unless the estate is to be kept together for a longer time than twelve months, and there are no debts to pay. An adult child is not entitled to a year's support out of his father's estate. The object of the statute is, to afford to those who are dependent upon the husband and father provision for at least one year after his death. This right of support inures to the widow alone if there are no minor children, and to the minor children alone if there is no widow. Civil Code, § 3465. Further, if there are two sets of minor children by different wives, the portion going to the children of the deceased wife shall be specified by the appraisers. Civil Code, § 3470. Under the provisions made for a year's support, it is not the object and intention of the law to divide the estate of the decedent among his widow and children, but out of the estate of the husband and father must first come a provision by which the dependent and helpless will at least be provided for during a limited period. The amount set aside to a widow and her minor child is in gross, and no specific portion can justly be claimed by either the widow or the child; they are alike entitled to a support out of the fund. It is provided by our Civil Code, § 3468, that property so set apart by the appraisers shall vest in the widow and child or children. In case there are children only, and no widow, then the provision of the same section vests the property set aside in such children, share and share alike. This distinction is significant as showing that in the case of a widow and child the use of the entire property is a joint one, that out of it both are to be supported, and neither one to the exclusion of the other. But in the case of children where there is no widow—no natural guardian of the children who could be depended upon to disburse the fund so as to accomplish the purposes of the law,—the beneficiaries who are to be supported share this fund in equal proportions; but the lawmakers have refrained from providing that the property set aside shall be used as a support for the widow and minor children, share and

share alike.   In the case of *Roberts* v. *Dickerson*, 95 *Ga.* 727,. land was set apart as a portion of a year's support to a widow and one minor child.   This court held in that case, that where such minor child died after reaching his majority, his administrator could not, while the mother remained upon the land using it for the purpose of a support, sell or otherwise administer an undivided one-half of the land as the estate of the son. In delivering the opinion in that case, Mr. Justice Lumpkin said that the son's administrator could not break up or destroy the mother's use and enjoyment of the land as a year's support,. so long as she remained upon it.   In the case of *Whitt* v.. *Ketchum*, 84 *Ga.* 128, Chief Justice Bleckley, in delivering the opinion of the court, said, "The support contemplated by section 2571 [3465] of the code is that of the widow and minor children for twelve months.` But if the allowance be set apart,. not severally to each member, but to the family as a whole, and all of it is not consumed, we think the residue, whether in money or in property, stands over to be used afterwards by the widow and such of the children as continue minors, until there is no longer either widow or minor in the family."   See also *Miller* v. *Miller*, 105 *Ga.* 305.   .The rulings made in these cases, in our judgment, dispose of the question made adversely to the plaintiff in error; and the judgment of the court below is                      *Affirmed.   All the Justices concurring.*