## HOWARD *v.* POPE, guardian.

1. When a year's support in lands is set apart for a widow and a minor daughter, the title vests in the widow *and* the minor, but the widow has the exclusive control and management of the property. A guardian appointed for the minor has no right, as guardian, to demand or to receive the interest of the daughter in the lands set apart or her portion of the rents and profits of such lands.

2. If the guardian should marry the widow and, as the agent of the latter, take possession and control of the lands and from the proceeds thereof support and educate the daughter, the latter can not, after her marriage and majority, maintain an action against him, *as guardian*, for the unexpended balance of such proceeds.

Argued October 13, — Decided November 9, 1899.

Exceptions to auditor's report. Before Judge Hart. Laurens superior court. July term, 1899.

*Charles Z. McCord* and *Howard & Armistead,* for plaintiff.
*A. F. Daley* and *P. L. Wade,* for defendant.

SIMMONS, C. J. Some sixty-seven acres of land were set apart by the ordinary of Laurens county, as a portion of a year's support for Mrs. Kea, the widow, and Annie L. Kea, the minor daughter, of James W. Kea. Included also in the year's support was a note due the deceased husband and father by a third party. In order that this note might be more readily collected, C. S. Pope was appointed guardian of Annie L. Kea. He had, after the setting aside of the year's support, married the widow, and he was by her placed in possession and control of the lands set apart. He rented out the land and collected the rent. The minor daughter lived with him and his wife, and was supported and educated by him until she was married. After she had married and had become of age, she cited him to appear before the ordinary of the county to make a settlement as her guardian. The ordinary adjudged that Pope was, as guardian, indebted to his ward in a certain sum. From this judgment Pope appealed to the superior court, where the matter was referred to an auditor. The auditor, after hearing evidence as to the value of the board, clothing, and education given the minor, the amount Pope had received from the land, etc., found that Pope was, as guardian, indebted to his ward in a sum somewhat smaller than that found by the ordinary. To this report Pope filed exceptions both of law and of fact. On the hearing before the judge of the superior court, he sustained the exceptions, and decided that Pope was not, as guardian, indebted in any amount to the plaintiff.

It is unnecessary, in the view we take of the case, to pass seriatim upon the exception filed to the auditor's report, or to set them out at length; for the exceptions, both of law and of fact, depend upon one question alone. Under our code, when a year's support is set aside for a widow and a minor child, or minor children, jointly, each of them has an equal undivided interest in the property so set aside, but the widow has the entire control and management of it all. When the property has been set aside jointly to the widow and minor children, a minor can not, even after marriage or majority, force a divi-

sion. The entire property, or so much as has not been already used for the support of the beneficiaries, still remains for the support of the widow and other minors, if there be any, and its management and control are still entirely in the hands of the widow. When, therefore, Pope was appointed guardian for the minor child, although his guardianship was as to both her person and property, he had no right as guardian to claim or to receive any portion of the year's support. When he married the widow and was by her placed in custody and control of the land, he did not receive it or any part of it as guardian of the minor, but received it as the agent of his wife. To his wife alone was he responsible for the disposition of the rents and profits. Having received them as agent of his wife, he can not be called upon as guardian of the minor to account for them to his ward. The facts of this case are quite different from those of the case of *Vandigrift* v. *Potts,* 72 *Ga.* 665, cited and relied upon by counsel for the plaintiff in error. In that case the widow married again, and she and her husband sold the land which had been set apart as a year's support for her and her minor children, and, with the proceeds of the sale, bought other land to which they took title in their own name. The children after becoming of age brought suit for their interest in the land. In the present case, the daughter does not bring suit for her interest in the land but only for the rents and profits, over and above her support, collected, as she claims, while she was a minor; and the suit is against Pope in his capacity as guardian. The record discloses that she sold her interest in the land itself to Pope. Even if the case of *Vandigrift* v. *Potts* was well decided, it was very different from this, and could not aid in the present decision. We think that the court below was correct in sustaining the exceptions to the auditor's report and deciding that the plaintiff was not entitled to recover against Pope as guardian. See, in this connection, *Whitt* v. *Ketchum,* 84 *Ga.* 128; *Roberts* v. *Dickerson,* 95 *Ga.* 727; *Miller* v. *Miller,* 105 *Ga.* 305; *Miller* v. *Ennis,* 107 *Ga.* 663.       *Judgment affirmed. All the Justices concurring.*