## RAGAN *v.* SHIVER *et al.*

Where land belonging to the estate of a decedent is set apart as a year's support to his widow and minor children, the widow may sell and convey it for the purpose of maintenance and support of herself and children, or, if the children are of age and have left the land, for the support of herself. The sale and conveyance by the widow divests the title of the children as heirs of the decedent, and also their claim upon the land as beneficiaries under the allowance of a year's support.

Submitted February 14,—Decided March 28, 1908.

Complaint for land.    Before Judge Spence.    Mitchell superior court.    April 17, 1907.

*Bennet & Cox,* for plaintiff in error.

EVANS, P. J.    The petition alleged that Noah Alligood died seized and possessed of a lot of land which was duly set apart as a year's support to his widow and three minor children, two of whom are the plaintiffs.    Thereafter the widow conveyed 25 acres of the land to S. L. Alligood, and conveyed the balance of the land to William Moye.    The defendant is in possession of the entire tract, under the grantees from the widow, and refuses to deliver to plaintiffs their interest (alleged to be one half) in the tract, or to pay them reasonable mesne profits.    The defendant demurred to the petition, on the grounds, that no cause of action was alleged, that no abstract of title was attached to the petition, and because of a misjoinder of parties plaintiff.    The demurrer was overruled, and exceptions were taken.

In a suit to recover land, where the plaintiff's title is set out in the petition, and the title there alleged is insufficient in law to authorize a recovery, the petition fails to state a cause of action, and will be dismissed on demurrer.    *Dugas* v. *Hammond,* ante, 87 (60 S. E. 268) ; *Chidsey* v. *Brookes,* ante, 218 (60 S. E. 529).    The date of the death of Noah Alligood does not definitely appear.    The pleader intended to allege the date, but omitted to fill in the blanks left for that purpose.    But that is not material.    The widow conveyed the land in two parcels; the first deed was executed in 1896, and the last in 1898.    The petition does not contain any allegation negativing that the land was sold by the widow for the purpose of raising funds for the support of herself, or for the support of herself and children.    Where lands of a decedent are duly set apart as a year's support to a widow and children jointly, the widow is entitled to use it for the joint support of herself and children, and for her own support as long as she lives, and she may sell the entire fee.    *Miller* v. *Miller,* 105 *Ga.* 305 (31 S. E. 186) ; *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494 (37 S. E. 767), and cases cited.    Even after the children arrive at maturity and remove from the land, the widow can sell and convey the land for the purpose of raising funds for her own support and maintenance.    *Bridges* v. *Barbree,* 127 *Ga.* 679 (56 S. E. 1025).    There being no averment to the contrary, it will be presumed that the widow's

·conveyance was to raise funds for the support of herself, or of herself and children. Having the right to sell and convey, her grantees acquired the title of her husband, and the plaintiffs could neither recover as heirs at law, nor as beneficiaries under the proceedings setting apart the property as a year's support. The court should have dismissed the petition, on demurrer.

*Judgment reversed. All the Justices concur.*