FIRST NATIONAL BANK OF BARNESVILLE *v.* SIMS *et al.*

RUSSELL, C. J.　Under the pleadings and the evidence in this case, the trial judge did not err in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 4157.　NOVEMBER 15, 1924.

Injunction. Before Judge Persons. Lamar superior court. December 14, 1923.

On October 1, 1918, J. M. Sims died, leaving a widow and six minor children. On March 14, 1921, the widow, Mrs. Sims, executed a mortgage to the First National Bank of Barnesville, to secure the payment of a note signed by her in the amount of $1091.71, and creating a lien in favor of said bank on 140 acres of land described in the mortgage. On November 20, 1920, Mrs. Sims conveyed by security deed to W. C. Jordan 100 acres of land known as the "Grief Cook Place" to secure an indebtedness on her part in the sum of $500. Sometime after the death of her husband Mrs. Sims came to the Bank of Barnesville and asked for a loan, and at that time (which date does not appear in the record) the bank made her a loan of $400, taking her note for this amount. The consideration of all three of these papers was money loaned to Mrs. Sims in her individual capacity. At the October term, 1921, of the court of ordinary of Lamar County, a year's support was set aside to Mrs. Sims and the six minor children from the estate of their deceased husband and father, consisting of the home place containing 90 acres; and on February 17, 1922, the First National Bank and the Barnesville Bank each took from the widow deeds securing the different sums set forth in the deeds, whereby the ninety-acre tract set apart as a year's support was conveyed to each of these creditors. The deed to the Barnesville Bank was made subject to that of the First National Bank. On July 7, 1922, Mrs. Sims executed a security deed conveying the ninety acres to W. C. Jordan, and this deed was made subject to the prior deeds held by the First National Bank and the Barnesville Bank. Mrs. Sims individually and as next friend of her minor children filed a petition and alleged that each of these conveyances contained a power of sale, and that a sale in pursuance of these powers was imminent unless equity restrained such action. The petition further alleged, that, while there was a present consideration of $800 loaned by the First National Bank when the security deed to it was made,

the loan was not made and used for the purpose of securing maintenance and supplies for the widow and her children, which fact was known to the bank, and that said deed was also executed for the purpose of better securing a pre-existing debt due by the widow to the bank; that the deeds to the Barnesville Bank and to W. C. Jordan were given to secure past individual debts of the widow. The prayers of the petition were, for injunction against each of the defendants, to prevent a sale, under the power contained in each of the deeds, of the land set apart as a year's support; for cancellation of said deeds; and that title to the land set apart as a year's support be decreed to be in petitioners.

Each of the defendants demurred and answered. In the answer of the plaintiff in error it is denied that the $800 was loaned to the widow for the purpose of paying her personal pre-existing debts, or was so used. It is admitted that the security deed was made for the purpose of better securing a note given to defendant by the widow, but defendant denies that this note was a personal debt of Mrs. Sims. It is further set up that the power of sale contained in the deed provides for a public sale; and while defendant has urged upon Mrs. Sims the importance of and its desire for a settlement of the indebtedness secured by the deed, no steps have been taken to enforce it by sale under the power or otherwise. Defendant says, however, that plaintiffs have shown no legal reason why enforcement of its rights under said conveyance should be interfered with by the court; that there is a misjoinder of parties defendant; and that the petition should be dismissed. Upon the hearing the plaintiff introduced in evidence her affidavit, in part as follows: "As to the deed given to the First National Bank, it was likewise not given for the purpose of securing maintenance and support for myself and minor children. It was given mainly for better securing a pre-existing debt of mine due to said bank, for the sum of $1091.71. This was an old debt, and was secured by me, at the time I contracted it, by a mortgage on property which was mine as a life-estate. This debt was made in March, 1921, before I applied for a year's support. The $800, the consideration stated to be a present consideration in the deed which I executed to the First National Bank, was a loan to me to pay off my past existing personal debts, and was not loaned to me for the purpose of securing maintenance and support for myself and minor children; neither was it used for

that purpose, but went toward the payment of my own debts. The bank knew at the time that I was not borrowing this money to secure support for myself and children. . . I fear that unless an injunction is granted preventing the defendants from selling this land they will do so. I have been informed that they intend to sell it anyway. I have received a letter from Mr. Tyus [cashier of the defendant bank], stating that his directors would force this land to sale unless it was paid." The letter referred to is as follows: "Mrs. Sims: Have you any idea as to whom the land could be sold, and what price it would bring? To be frank, we are going to have to clear off our papers on this loan; and unless it can be sold at private sale, it seems that my directors will have to force it to sale at the best bid." The defendant submitted the affidavit of L. C. Tyus, its cashier, in part as follows: "The facts stated in said answer [of the bank] are true as therein stated. It is not true that the security deed held by the First National Bank of Barnesville was given by the plaintiff, Mrs. Ada Smith Sims, to secure a loan made to her to be used for the purpose of paying pre-existing debts of said Mrs. Sims, but on the contrary the consideration of said notes, secured by said conveyance, was money furnished to support and maintain the family of Mrs. Sims, including all the plaintiffs named in said petition. Both the $800 note and the $1091.71 note were given by the said Mrs. Sims for money furnished to her by the First National Bank of Barnesville for the maintenance and support of her family, and was so used, and all the petitioners in said petition got the benefit thereof." The defendant also introduced in evidence the mortgage given it by Mrs. Sims to secure the payment of $1091.71, already referred to, containing the following stipulation: "This mortgage is given for debts previously contracted for farming and living expenses during the year 1920." Defendant also introduced in evidence the original deed to secure debt, given by Mrs. Sims to the First National Bank of Barnesville on February 17, 1922, reciting a consideration of $800, and stating that it is also given to better secure an indebtedness due the grantee in the sum of $1091.71.

The court passed an order granting an interlocutory injunction as prayed. The First National Bank of Barnesville assigned error upon this judgment.

*C. J. Lester,* for plaintiff in error. *H. J. Kennedy,* contra.