## MOORE, guardian, v. PITTMAN.

No. 12099. MARCH 8, 1938.

Deal & Renfroe, Hitch, Denmark & Lovett, and R. Lee Moore, for plaintiff.

Hinton Booth and Howell Cone, for defendant.

JENKINS, Justice. The petition, brought in April, 1937, by a guardian of three minors, against an alleged purchaser of land set apart as a year's support, prayed for specific performance of an instrument signed by the parties. It was alleged, that after the year's support had been set apart to a widow and five minor children, two became of age, and the widow died; that the plaintiff was appointed by the ordinary as guardian of the minors; and that a deed, copy of which was made part of the petition, had been tendered to and refused by the defendant. This deed recited that after the execution of the alleged contract on October 20, 1936, the guardian, on December 17, 1936, filed an application to the superior court for an order authorizing a sale of the land under the contract, for the support and maintenance of the minors, and for authority to reinvest any residue of the proceeds in bonds authorized by statute, or in real-estate security deeds which were first liens, in the sound discretion of the guardian. The deed further recited that "a certified copy of said application and of said

decretal order," dated December 19, 1936, "is hereto attached and made part of this deed." Neither the petition nor the copy of the application and the order of the superior court as granted in regular term showed or purported to show whether or not a guardian ad litem was appointed, what if any service was made, whether or not there was any waiver of service or notice, and whether or not the parties at interest participated or appeared in the hearing or presentation of the order. The defendant demurred to the petition, on grounds: that title to the year's support vested in the widow and all of the five children of the decedent; that title as originally vested in the two minors who had reached majority was not divested when they became of age; that on the death of the widow her title vested in her heirs, including not only the plaintiff's three wards, but the two adult children; that therefore the tendered deed would not have conveyed valid title, since it was not signed by the two adult children; that the contract was unilateral and not unconditionally binding; that it was uncertain as to who was to make title, was only the individual undertaking of the plaintiff, and would not support the suit as guardian; and that it did not sufficiently specify the time and terms of payment. An additional ground of demurrer was that the order of the superior court, authorizing the sale of the year's support property under the alleged contract with the defendant, was void, because it was granted only two days after the filing of the application, without notice to parties at interest, and without appointment of a guardian ad litem for the minors. The plaintiff excepted to the dismissal of the action on all of the grounds of the demurrer.

1. Pretermitting any reference to the effect of the act of the General Assembly approved March 30, 1937 (Ga. L. 1937, p. 861), on the law as it previously existed, the rules with reference to the title of property set apart as a year's support and its conveyance were as follows:

(a) The title to property set apart as a year's support to a widow and minor children vested in them for such purpose, share and share alike. Code, § 113-1006.

(b) Any portion of the property so set apart which might not have been consumed within the year did not revert to the estate of the husband or father, but stood over for the continued support of the widow and such of the children as remained minors and un-

married. Code, § 113-1006; *Whitt* v. *Ketchum,* 84 *Ga.* 128 (10 S. E. 503).

(*c*) Where a year's support was set apart to a widow and minor children, and, while one or more of such children remained minors and unmarried, the widow died, any unconsumed portion of the property stood over for the continued support of such child or children who remained minors and unmarried. Since after the death of the widow the entire property stood for the benefit of the minor unmarried children, neither the heirs of the deceased widow nor any child nor the heirs of any child who had attained majority after the property was set apart held any present interest therein, such as would support an objection on their part to a sale of any unconsumed portion of the year's support, or necessitate their joining in the conveyance in order to pass a valid title, on a mere supposition that the property would not be consumed and expended for the purpose for which it was legally set apart. Under the undisputed right of a widow to dispose of such property even without an order of court, she acts as the quasi-trustee of the *minor children,* who with herself are entitled to it all. *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (7), 118 (35 S. E. 347). She does not represent children who by attaining majority have forfeited the right to participate in its consumption and in its control. Upon the death of the widow, any authority of sale which would bind the minors is sufficient to convey the fee. Accordingly, in a suit by a guardian of the minor children, to enforce performance of a contract for the sale of the year's-support property, the grounds of demurrer to the petition, that neither the heirs of the deceased widow nor the children who had become of age after the setting apart of the year's support were parties to the conveyance, were without merit. *Miller* v. *Ennis,* 107 *Ga.* 663 (34 S. E. 302); *White* v. *Ketchum,* supra; *Roberts* v. *Dickerson,* 95 *Ga.* 727 (22 S. E. 654); *Bank of Cuthbert* v. *Taylor,* 158 *Ga.* 237 (123 S. E. 262); *Wise* v. *Wise,* 156 *Ga.* 459, 478 (119 S. E. 410); *Tate* v. *Phillips,* 144 *Ga.* 698 (87 S. E. 1023); *Dickerson* v. *Nash,* 74 *Ga.* 357; *Ragan* v. *Shiver,* 130 *Ga.* 474 (61 S. E. 1); *Reese* v. *Reese,* 146 *Ga.* 684 (92 S. E. 218); *Morris* v. *Hasty,* 169 *Ga.* 781 (3) (151 S. E. 490).

(*d*) As to what interest the heirs of a deceased widow, or what interest any child who attained majority during the life of the widow or minority of the other younger children, might have in

any unexpended residue of the year's support after the death of the widow and the attainment of majority by all of the children, is a question which is not involved under this record, and which it is unnecessary to decide.

2. Since the agreement for the sale of the property was signed by the defendant as purchaser and by the guardian as vendor, and since in the body of the instrument it was in effect set forth that the vendor in his capacity as guardian obligated himself to convey title as soon as the property could be legally sold and the balance of the agreed purchase-money was paid, the contract was not uncertain as to the parties thereto, or unilateral. The omission to specify a date for the consummation of the actual sale, other than after the perfection of the title, must be construed to mean a reasonable time.

3. Whether or not, under the act of 1889 (Ga. L. 1889, p. 156; Code, §§ 49-203, 49-204), providing that an application by a guardian for authority to sell property "for reinvestment" shall be made to the judge of the superior court, and under the Code, § 49-205, providing that "all *other* sales of any portion of the property of the ward shall be made under the direction of the ordinary," judges of superior courts were divested of jurisdiction of such applications except "for reinvestment" (see *Ethridge* v. *Pitts,* 152 *Ga.* 1, 5, 108 S. E. 543), since the application here involved was for authority to sell, not only for support and maintenance, but "for reinvestment" of the residue, under the "well-recognized principles of equity jurisprudence, that where a court of chancery has acquired jurisdiction of a cause for any purpose, it will proceed to determine the whole cause, although in so doing it may decide questions which, if standing alone, would furnish no basis of equitable jurisdiction" (*Eagan* v. *Conway,* 115 *Ga.* 130, 134, 41 S. E. 493; Code, § 37-105), the superior court, sitting in term, having jurisdiction, as is assumed by both litigants, as to the sale for reinvestment part of the proceeding, was authorized "to determine the whole cause." Accordingly, the order of the judge, sustaining the demurrer of the defendant vendee to the petition of the vendor for specific performance can not be sustained on the ground that the order authorizing the sale was invalid for lack of jurisdiction of the superior court in granting it.

4. The demurrer to the petition on the ground that the deed

tendered by the plaintiff guardian to the defendant showed that the order of the superior court, granted in regular term, authorizing the sale, was illegally granted for the reason that no guardian ad litem was appointed and there was no proper service or notice of the application, as required by the Code, §§ 49-203, 49-204, was in the nature of a speaking demurrer, since neither the petition nor the copy of the application to sell nor the copy of the order granting the same, attached to the petition as an exhibit, showed or purported to show whether or not a guardian ad litem was appointed, or whether or not there was proper service under the statute, or whether or not service was properly waived. Accordingly, questions relating to the sufficiency of or the necessity for the proceedings in the superior court will not be determined.

5. Under the preceding rulings, the court erred in sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concur, except*

BELL, Justice, dissenting. Whether or not, after the death of the widow and the majority of all of the children named as beneficiaries, the unconsumed portion of the year's support, if any, would go in fee simple to all of the children who were originally named as beneficiaries, or would revert to the estate of the decedent for administration, or whether it might be subject to some other disposition, it can not be said that the former minor beneficiaries who had arrived at majority ceased to have any sort of interest in the property, present or contingent, either as children originally and properly named as beneficiaries, or as heirs at law of the decedent; and while the widow during her life would have had, under the law, the absolute power to sell the property for a support for herself or other beneficiaries, without any order of court and without any notice or accountability to children who were former beneficiaries but who had arrived at their majority, this power did not pass to the guardian appointed for the minor beneficiaries after the widow's death. The guardian could act only within the power conferred upon a guardian as such by law, and would have to obtain authority to sell from some court having jurisdiction of the subject-matter,—whether the superior court or the court of ordinary, it is unnecessary in this case to say. In view of the fact that the guardian, unlike the widow, could not sell without a judgment of court as to the necessity of so doing, all

persons having an interest in the property, present or contingent, should have been given notice and an opportunity to be heard. The former minor beneficiaries who had arrived at majority were not afforded such notice or opportunity for hearing; and therefore the judgment or decree ordering the sale was not conclusive as to them. It follows that the guardian was not in position to give to the purchaser a good title, and consequently was not entitled to specific performance of the contract of purchase and sale which had been entered into with him. So, regardless of other questions, the court properly sustained the demurrer and dismissed the action.