### DOWDY *v.* DOWDY.

No. 12492. OCTOBER 15, 1938.

*Lawton Nalley* and *W. M. Bailey,* for plaintiff.
*Cecil V. Whiddon,* for defendant.

BELL, Justice. The record contains an affidavit executed by the plaintiff, "to be used as evidence upon the hearing in the above-stated case." This affidavit avers some facts which are not stated in the petition; but since the only question here is whether the court erred in dismissing the action on general demurrer, the contents of such affidavit can not be considered. *Hicks* v. *Beacham,* 131 *Ga.* 89 (2) (62 S. E. 45); *Griffin* v. *Russell,* 144 *Ga.* 275 (2) (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994); *Pollard* v. *Blalock,* 147 *Ga.* 406 (2) (94 S. E. 226). According to the allegations, all of the property in question was set apart to these parties jointly as the widow and minor child of the deceased. The Code, § 113-1006, declares, "The property so set apart by the appraisers shall vest in the widow and child, or children." "If it be set apart for them jointly, they own it in common." *Miller* v. *Miller,* 105 *Ga.* 305 (3), 312 (31 S. E. 186). But it does not follow as a matter of course that a division or severance may be had at the instance of the child during the life of the mother, or step-mother as the case may be, nor does the mere fact that they do not reside together entitle the child to such division. "If the year's support was set aside to the widow and child jointly, the widow is entitled to use and control it as long as the money lasts or as long as she lives, even though the child marry or become of age. The child, in such case, can not force a division of the property so set apart." *Miller* v. *Miller,* supra. In *Whitt* v. *Ketchum,* 84 *Ga.* 128 (10 S. E. 503), it was held: "If the allowance be set apart, not severally to each member, but to the family as a whole, and all of it is not consumed, we think the residue, whether in money or property, stands over to be used afterwards by the widow and such of the children as continue minors, until there is no longer either widow or minor in the family. If the allowance be in land, it is

not subject to partition, so long as there is either a widow or minor child to be supported." Although in different language, the same principle was ruled in *Miller* v. *Ennis,* 107 *Ga.* 663 (34 S. E. 302) : "When a year's support in money and other personalty has been set apart to a widow for herself and one minor female child, the latter can not, though she has married and moved to her husband's home, compel the administrator of her deceased father's estate to pay over to her any portion of the money embraced in such year's support which still remains in the administrator's hands." In *Howard* v. *Pope,* 109 *Ga.* 259 (34 S. E. 301), it was held: "When a year's support in lands is set apart for a widow and a minor daughter, the title vests in the widow *and* the minor, but the widow has the exclusive control and management of the property." The widow's management and control might perhaps be taken from her in case of neglect or other improper conduct, but nothing of this kind appears in the present case. Compare *Vandigrift* v. *Potts,* 72 *Ga.* 665; *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (7) (35 S. E. 347).

The petition shows on its face that the plaintiff has not yet attained his majority, and it seems from the allegations that he does not reside with his stepmother. It is urged in the brief filed by his attorneys that he has been driven from the home and wrongfully excluded from all use of the property set apart to him and his stepmother as a year's support. Whether in such circumstances he might have relief in a court of equity we do not now decide. A careful examination of the petition discloses no averment to show that the plaintiff was driven from the family domicile, or that the defendant has withheld anything to which he might be entitled as a member of the family and joint beneficiary of the year's support. When the petition is construed, according to the settled rule, most strongly against him, it must be inferred therefrom that he has voluntarily assumed residence elsewhere and is taking care of himself. In these circumstances the widow had the right to "appropriate" to her own use the "personal property" and the $500, so far as necessary for her own support. It does not appear from the petition that such money or property is not needed by her for this purpose, or that she is applying it to any other purpose or use. With further reference to the legal status of a year's support, see *Hendrix* v. *Causey,* 148 *Ga.* 164 (96 S. E. 180) ; *Moore* v. *Pittman,* 185 *Ga.* 619 (196 S. E. 50).

30

The present case does not seem to involve any of the provisions of the act of March 12, 1937 (Ga. L. 1937, p. 861), and in the brief filed by his attorneys is the statement that "it is apparent that this statute has no application to the case at bar." The petition did not state a cause of action for any of the relief sought, and was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*