WALDEN *et al. v.* WALDEN.

No. 13265.    NOVEMBER 16, 1940.

*M. Clark Barwick* and *M. Cook Barwick,* for plaintiffs in error. *Frank Hardeman,* contra.

REID, Chief Justice. ■ This is an action for partition of certain realty and personalty under the Code, §§ 85-1504, 85-1707, brought by Lee Walden against John Walden. The plaintiff alleged, that he and the defendant jointly owned certain described realty and personalty, each having one half undivided interest

therein; that said property was set apart to the plaintiff, then a minor, and his mother, Mrs. Emma L. Walden as a year's support out of the estate of his father; that plaintiff became of age, and thereafter Mrs. Walden died leaving a will wherein she undertook to devise said property to the defendant, who is in possession claiming title thereto. Copy of the will of Mrs. Walden was attached to the petition as an exhibit. No demurrer was filed by the defendant. He filed an answer wherein he did not undertake to specifically answer each paragraph of the plaintiff's petition, but merely set forth certain reasons why the "court ought not to order a partition of the property described in the petition." These were, in substance, as follows: (1) that the facts alleged disclosed title to said property to be in defendant; (2) that plaintiff upon reaching majority executed a receipt to his mother, in full and final settlement of his share in the estate of William Walden in her hands as his guardian; and (3) "defendant would further show that he lived with the said Mrs. Emma Walden during the last years of her life and supported her and cared for her. Instead of conveying said property described in the petition for partition to the defendant by deed, the said Mrs. Emma Walden made a devise by will. While this defendant had no specific agreement to that effect, he contends that such devise to him as effectually conveys the realty in dispute as if she had conveyed the same in her lifetime by deed; that there being no restriction on her right to convey by deed she had the power to devise." At the hearing (we quote from the bill of exceptions) "it was agreed that the court should accept the allegations of fact by the parties as evidence in the case, without further proof. It was agreed also if the writ of partition were granted, it would be a finding that the applicant had title to one half undivided interest. A denial of the writ would be a finding that applicant had no title." The judge found in favor of the plaintiff, and ordered the writ of partition to issue. We take the following statement from the opinion of the judge. "It was admitted in judicio, both by the petitioner and the defendant John Walden, that the property described in the petition was set apart as a year's support to the widow, Mrs. Emma L. Walden, now deceased, and Lee Walden, the petitioner, then a minor." Under the recited facts, the assignments of error that the plaintiff failed to show any title to said property, in that no judgment of year's sup-

184

port was shown, and that there was no sufficient description of the personal property sought to be partitioned, are without merit.

■ Under the Code, § 113-1002, the widow and minor children of a deceased person are entitled to have set apart to them, "either in property or money, a sufficiency from the estate for their support and maintenance for the space of 12 months from the date of administration, in case there is administration on the estate, to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate." The statute fixes the amount in all cases at not less than $100, and not less than the entire estate if it has a value less than $500. When property is set apart to a widow and minor children under this provision, it is intended for their joint support and maintenance, and it continues after the expiration of the year, and thereafter so long as it lasts to be subject to the support of the widow during her life and the children until they are married or reach majority. The widow, as the head of the family (Code, §§ 49-102, 74-106; *Fletcher* v. *Booth,* 143 *Ga.* 644, 85 S. E. 836), is vested with the exclusive right to manage and control the property for the joint benefit of herself and minor children, and, after the marriage or majority of the children, for the benefit of herself alone for life, including the power to sell (since the act of 1937, p. 861, upon approval of the ordinary) the entire interest in the property for such purpose. If the widow dies before all of the children have married or reached majority, her right to control the property with attendant power of sale vests in the guardian of such minor or minors. *Phillips* v. *Atkinson,* 139 *Ga.* 740 (78 S. E. 116) ; *Tate* v. *Phillips,* 144 *Ga.* 695 (87 S. E. 1023) ; *Patterson* v. *Swift,* 163 *Ga.* 297 (136 S. E. 68) ; *Moore* v. *Pittman,* 185 *Ga.* 619 (196 S. E. 50) ; *Dowdy* v. *Dowdy,* 187 *Ga.* 26 (199 S. E. 191) ; *Bank of Cuthbert* v. *Taylor,* 158 *Ga.* 237 (123 S. E. 262) ; *Tabb* v. *Collier,* 68 *Ga.* 641; *Cox* v. *Cody,* 75 *Ga.* 175; *Whitt* v. *Ketchum,* 84 *Ga.* 128 (10 S. E. 503) ; *Roberts* v. *Dickerson,* 95 *Ga.* 727 (22 S. E. 654) ; *Swain* v. *Stewart,* 98 *Ga.* 366 (25 S. E. 831) ; *Miller* v. *Miller,* 105 *Ga.* 305 (31 S. E. 186) ; *Miller* v. *Ennis,* 107 *Ga.* 663 (34 S. E. 302) ; *Howard* v. *Pope,* 109 *Ga.* 259 (34 S. E. 301) ; *Allen* v. *Lindsey,* 113 *Ga.* 521 (38 S. E. 975) ; *Bridges* v. *Barbree,* 127 *Ga.* 679 (56 S. E. 1025) ; *Ragan* v. *Shiver,* 130 *Ga.* 474 (61 S. E. 1). Thus in *Whitt* v.

*Ketchum,* supra, the court held that minor children upon attain-. ing majority or ceasing by marriage to be a member of the family, have no right, while the widow is still in life or any of children still minors, to coerce partition of the land, "the whole land being charged with the support of the family." In *Roberts* v. *Dickerson,* supra, that where child reached majority and died, his adminis- trator could not administer his undivided interest in land set apart to him and his mother as a year's support so long as mother lived and remained on the land. In *Miller* v. *Miller,* supra, that upon the marriage of one of the minors before full payment by adminis- trator of the deceased of the amount set apart to widow and minors as year's support, no portion of support should on that account pass back into estate of the decedent for distribution among his heirs and creditors. And in *Howard* v. *Pope,* supra, that the widow being in life, the guardian of minor daughter had no right to de- mand or receive her interest in lands set apart jointly to her and mother or her portion of rents and profits of such land.

In the present case we are called upon to determine the owner- ship of an unconsumed portion of the property after it is no longer subject to the above uses; that is when there is no beneficiary to claim a support, the widow having died and the children having reached their majority. Does the property revert to the estate of the deceased husband and father? Does it belong to the bene- ficiary who last survived as such? Or does it belong in equal un- divided shares to the children and heirs of the widow? It was not intended under the Code, § 113-1002, that the widow and minor children should be entitled to money or property which would pro- duce an income sufficient to support them for a year but merely that the money or property should itself be sufficient for this pur- pose. It is fairly obvious that the General Assembly contemplated the consumption of the money or property set apart to the bene- ficiaries. From this consideration alone the conclusion would follow that it was intended that the entire title held by the de- ceased to the money or property set apart should pass absolutely to the beneficiaries; and certainly this conclusion is made inevitable by the provisions of § 113-1006, that "The property . . shall vest in the widow and child, or children; . . and the same shall not be administered as the estate of the deceased husband or father." *Lowe* v. *Webb,* 85 *Ga.* 731 (11 S. E. 845); *Miller* v.

*Crozier,* 105 *Ga.* 54 (31 S. E. 122); *Bardwell* v. *Edwards,* 117 *Ga.* 824 (45 S. E. 40); *Cook* v. *Cook,* 138 *Ga.* 88 (74 S. E. 795); *Winn* v. *Lunsford,* 130 *Ga.* 436, 442 (61 S. E. 9); *Wise* v. *Wise,* 156 *Ga.* 459, 477-9 (119 S. E. 410); *Kinard* v. *Clay,* 138 *Ga.* 544 (75 S. E. 636); Code, § 85-503. While it is true that the property is set apart for the support of the widow and the minor children, and while this, as between the beneficiaries and those dealing with them, serves to prohibit the use and consumption of the property for any other purpose (*Gibbs* v. *Land,* 136 *Ga.* 261, 71 S. E. 136; *First National Bank of Barnesville* v. *Sims,* 159 *Ga.* 253, 125 S. E. 476; *Morris* v. *Hasty,* 169 *Ga.* 781, 151 S. E. 490; *Simpson* v. *Kelley,* 171 *Ga.* 523, 156 S. E. 198; *Houston* v. *Phillips,* 159 *Ga.* 344, 125 S. E. 713; *Grant* v. *Sosebee,* 169 *Ga.* 658, 151 S. E. 336), it does not, as against heirs and creditors of the deceased, serve to limit the absolute character of the estate in the property which passes under the judgment, so that if any of it should remain unconsumed after the uses are at an end, that is, after the death of the widow and majority of the children, it would then revert to the estate of the deceased husband and father for their benefit. Thus, while as between themselves the widow and minor children do not for a time have in reference to the property all of the rights of absolute owners in common as to the property set apart, the restrictions are upon the absolute title which is vested in them—are purely for their benefit, and with which the heirs and creditors of deceased have no interest or concern. They may as against the latter sell it, give it away, voluntarily partition it, or do any other act incidental to absolute ownership; and neither the heirs nor creditors would have any standing to object. In *Farris* v. *Battle,* 80 *Ga.* 187 (7 S. E. 262), Chief Justice Bleckley, discussing the statute, said: "It makes their [widow and children] part of . . the estate that much more, and they take it as absolutely and unconditionally and for as long a time as distributees take under the general provisions of the statute. It requires nothing to give a right to this benefit, except the relationship of wife or minor child. When that relation exists at the time of the death, the person or persons sustaining it are entitled to make their claim under the terms of the statute, and this court has held that their title becomes absolute."

In *Miller* v. *Crozier,* supra, a creditor resisted the application of

a widow to have a year's support out of the property which had been set apart to her husband during his life as a homestead. In ruling in favor of the widow the court said: "The law gives her an estate in the homestead property for life or during widowhood, and an absolute estate in the year's support. She can elect either the one or the other. Her election of the one will amount to a relinquishment of the other. If the whole of the homestead estate be allowed her as a year's support, then, according to *Lowe* v. *Webb,* supra, the lesser estate is merged into the greater, and she has the fee to the whole. It is argued that this would be an injustice to her husband's creditors, because, if she were not allowed to take the year's support out of the homestead property she could only have a life-estate therein and at her death or marriage the property would be subject to their claims; to allow her to take the year's support would vest the title in her and free the property forever from the debts of the husband. This may be unjust under the old dispensation of 'an eye for an eye and a tooth for a tooth,' but according to the law now of force in this State it is not so." We consider the ruling in *Moore* v. *Moore,* 126 *Ga.* 735 (55 S. E. 950), direct authority for the proposition that the property does not revert to the estate of the deceased. The court held that in an action for land, "Where . . plaintiff based his claim for a recovery upon the fact that his ancestor died in possession of the realty sued for, proof that it was set apart as a year's support to the widow of the ancestor, *and that the plaintiff was not her heir,* required a finding for defendant." The court said that, the land having been set aside as a year's support to the widow, "title . . vested in" her, "and upon her death *it descended to her heirs at law,* and not to the plaintiffs, who are heirs of Eli Moore [the deceased], but not of his widow, Nancy Moore, their stepmother." This is a direct ruling that when property is set apart to a widow as a year's support, upon her death, that is, when the property can no longer be used for her support, it descends to her heirs and does not revert to the heirs of the deceased. There can be no difference in principle in that case and a case where as here the property was set apart jointly to a widow and minor child. In *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494 (37 S. E. 767), the court said: "Where petitioners seek, as heirs at law of a named decedent, to have lands which he owned at the time of his death partitioned between them-

selves and others, a complete defense to such action is made out when it is shown that, after the death of the owner of the lands, they were duly set apart to his widow and minor child as a year's support. . . Property duly set apart to the widow and minor child of an intestate, as a year's support, vests in them, and the heirs at law of the intestate no longer have any interest therein." See also language of the court in *Lane* v. *Jackson*, 151 *Ga.* 584, 588 (107 S. E. 846). We therefore conclude that the property does not revert to the estate of the deceased.

It remains to be considered whether the property belongs to the beneficiary who last survived as such, or whether it belongs in equal shares to the children and the heirs of the widow. In the present case the plaintiff, to whom the property was set apart jointly with his mother as a year's support, attained his majority some time before her death. It is argued, since the property is set apart for the support of the widow during her life and the minor children until they reach majority, that when the plaintiff reached majority the property stood over for the support of the widow, and that she took the entire title, including that of the plaintiff for this purpose. As the question first and immediately above propounded suggests, if this contention be sound, the general conclusion follows that as between the widow and minor children the last to survive as a beneficiary has complete title to the property. Since the widow remains a beneficiary as to the property until her death, her title would be divested only upon her death, and provided minor child or children survived her. The interest of a child would be subject to divestiture upon his dying, marrying, or reaching majority, whichever occurred first, before the death of the widow or the attaining of majority of the remaining children, if any. There is a striking similarity between the argument advanced in support of the contention that when the child reaches majority his title to the property vests in the widow, and that put forth in support of the view that when all of the beneficiaries cease to exist as such the property should revert to the estate of the deceased husband and father; and we think them equally untenable. It has been consistently pointed out in the decisions of this court that under the Code, § 113-1006, when property is set apart to a widow and minor children in gross, the widow and minor children become owners of the property in common. In other words, the widow and

the minor children share equally in the title. In *Howard* v. *Pope,* supra, it was said: "Under our Code, when a year's support is set aside for a widow and a minor child, or minor children, jointly, each of them has an equal undivided interest in the property so set aside." In *Roberts* v. *Dickerson,* supra, it was said: "The ruling of this court in *Lowe* v. *Webb* [supra], following section 2574 of the Code [1933, § 113-1006], recognizes as sound law the proposition that a minor child for whose benefit in part a year's support is granted, shares with the mother in the title." In *Miller* v. *Miller,* 105 *Ga.* 305 (supra), Judge Simmons said, concerning property set apart as a year's support to a widow and minor child: "If it be set apart for them jointly, they own it in common. If set aside separately, a certain amount to each, what is set aside to the widow vests in her and what is set aside to the child vests in the child." In *Moore* v. *Pittman,* supra, Mr. Justice Jenkins deduced this statement from the authorities: "The title to property set apart as a year's support to a widow and minor children vested in them for such purpose, share and share alike." See *Hendrix* v. *Causey,* 148 *Ga.* 164 (96 S. E. 180). While it was said in *Goss* v. *Harris,* 117 *Ga.* 345 (43 S. E. 734), that a year's support "is a joint provision for all the beneficiaries. No part of it vests absolutely in any one of them, but the entire amount set apart becomes the common property of all, for the benefit of all of them together," we construe this language to mean simply that the share of each is thrown into hotchpot, so to speak, and the whole, both as to corpus and income, is charged with the support of each of the beneficiaries so long as they occupy that relationship, and not as meaning that each beneficiary does not, in fact, have an undivided interest in the property. Since the statute does not expressly provide that the title or interest of a child in the property set apart upon his reaching majority survives to the widow or surviving minor children, it should not be held to be so divested, unless it is necessary to so hold in order to carry out the full intent of the General Assembly in the passage of the statute. Forfeitures and divestitures of title are not favored in the law. The fact that a child upon reaching majority while the widow is still in life, or any of the other children are still minors, is not entitled to the control or possession of any of the property or to any support therefrom, does not require a ruling that his title to an undivided in-

terest in the property is divested. The two are perfectly consistent. His interest simply remains charged both as to corpus and income with the support of the remaining beneficiaries so long as they answer that description. In such case the use and possession of his undivided interest is postponed to him until the death of the widow and the majority of the children. It may, of course, be divested by the exercise of the power of sale as described above; but so long as the property remains undisposed of, his interest in the title continues, and upon the death of the widow and majority of all the children he is entitled to his share therein. This view does not in any way circumscribe the general purpose of the year's-support provision. In the act of 1937, supra, it was provided that "A conveyance or encumbrance of any or all the property set apart as a year's support for the joint benefit of the widow and her minor child or children shall convey or encumber and be binding and conclusive upon the child or children, and persons claiming through or under them, only when approved by the ordinary of the county in which all or a part of the property is located. *No such approval shall be necessary to bind a child sui juris who joins with the widow in making the conveyance or encumbrance."* The italicized portion of this section is a clear legislative interpretation of the year's-support statutes, to the effect that a child's interest in property set apart as a year's support is not divested by his arrival at majority. *Cunningham* v. *State,* 128 *Ga.* 55, 57 (57 S. E. 90); *Southern Railway Co.* v. *Wallis,* 133 *Ga.* 553 (66 S. E. 370, 30 L. R. A. (N. S.) 401, 18 Ann. Cas. 67) ; *Patten* v. *Miller,* 190 *Ga.* 152 (8 S. E. 2d, 786).

In *Dickerson* v. *Nash,* 74 *Ga.* 357, this court held: "Where a widow had set apart to her as a year's support the entire estate of her deceased husband, consisting in part of realty and in part of personalty, and, having consumed the entire personal estate, died, the title to the land vested [in] the minor children of the deceased husband, and was not subject to sale by the administrator of the widow." In the briefs filed in this court by counsel in *Moore* v. *Pittman,* supra, to which we have referred in our study of this case, the *Dickerson* case was cited as authority for the proposition that when the beneficiaries of a year's support cease to exist as such, the property reverts to the estate of the husband or father. The language of the court does indicate that the property there in ques-

tion was set apart solely to the widow, but the fact is, as appears from the statement of facts and from the findings of the trial judge taken from the record on file in this court, it was set apart to the widow and the minor children referred to. See *Williams* v. *Rosette,* 177 *Ga.* 528 (170 S. E. 373). It is clear that in view of this fact that case can not be taken as authority for the position that when the widow as sole beneficiary of the year's support died, the property reverted to the estate of the father and descended to the children as his only surviving heirs, as against the administrator of the widow. It may be argued that since the property was in fact set apart to the widow and minor children and the court ruled that upon the death of the widow the "*title* to the land vested in the minor children," then the case is authority for the position that upon one of the beneficiaries under a year's support ceasing to exist as such, the share of such beneficiary survives to the remaining beneficiaries. In that case the administrator of the widow sought to sell the land, and the minor children sought to prevent the sale. As we have attempted to point out, it is true and has been many times held that the administrator of a deceased beneficiary has no right, while there are surviving beneficiaries, to administer his intestate's share of the property set aside as a year's support, but the surviving beneficiary or beneficiaries are entitled to the possession and use of the whole property, both as to income and corpus, so long as they continue to exist as such. Accordingly, it was not necessary, as we view the case, to decide that the *title* to the undivided interest in the property which vested in the widow survived at her death to the children. See *Roberts* v. *Dickerson,* and *Moore* v. *Pittman,* supra. The *Dickerson* case was cited as authortiy in *Bank of Cuthbert* v. *Taylor,* 158 *Ga.* 237 (123 S. E. 262), where the court held that the "right of *possession* [of property set aside to widow and minor child] vested" in the child upon the death of the widow, so that a mortgage executed by the widow, which was not shown to have been for support of herself and minor child, could not be foreclosed on property, not even as to the "half interest of the mother." Attention should also be called, in connection with this case, to the fact that the trial judge's opinion as it appears in the record on file in this court was that the minor children should have title to the realty for the reason that the widow had in fact consumed all of the personalty for her own bene-

fit, which he found was more than her proportionate share of all of the property set apart. It is not unlikely in view of this fact that the decision of this court was based on the peculiar facts and equities as they there appeared. We reach the view, under the authorities, that when all of the beneficiaries of a year's support cease to exist as such, any of the property set apart which may be unconsumed belongs to them or their heirs in common.

■ In the present case the widow left a will in which she devised the property in question to the defendant. It remains to be considered whether or not this operated to divest the plaintiff's title to a half undivided interest therein. Aside from the fact that the act of 1937, supra, requires the widow, in order to convey the interest of a child or children, to secure the approval of the ordinary, and no such approval appears to have been obtained in this case (the will having been executed and the widow having died susequently to the above act), the devise does not appear to have been a lawful exercise of the power of sale vested in her as to the entire property. The power of disposition vested in her is for the purpose of obtaining support for herself and minor children, or, after the majority of the children, for the support of herself alone. This does not include the power to give the property away. See *Cochran* v. *Groover,* 156 *Ga.* 323 (4) (118 S. E. 865). The suggestion is made that the devise was made to the defendant (a son of the testatrix) in consideration of services rendered by him to her in her lifetime. No such intention can be gained from the provisions of the will, and the devise can not be upheld on this theory, since it affirmatively appears that there was no contract to pay for the services. It was merely alleged that the defendant "lived with the said Mrs. Emma Walden during the last years of her life, and supported her and cared for her." No presumption to pay for services rendered usually arises "in cases between very near relatives." Code, § 3-107. "Where an adult child renders services in and about the home of his or her parent, these services being in their nature those usually or which might reasonably be expected to be rendered by such member of the family in the circumstances, the common and most reasonable inference, and therefore the only inference acceptable in law, in the absence of an express showing to the contrary, is that the services are rendered and accepted as a gratuity." *Tatum* v. *Moss,* 58 *Ga. App.* 434 (198 S. E. 814), and

cit. It is admitted by the defendant that he "had no specific agreement to that effect."

■ The receipt given by the plaintiff to his mother in full settlement of his share in the estate of his father, which had come into her hands as his guardian, constitutes no bar to his recovery of one half undivided interest in the property set apart as a year's support. As already pointed out, when the property was set apart as a year's support it ceased to be a part of the estate of the deceased. The widow, as guardian of the plaintiff, was not entitled to any of the property thus set apart, but was entitled to control it under the judgment for year's support. See *Howard* v. *Pope,* supra. Accordingly, a settlement by her, as guardian, for the plaintiff's interest in the estate of his father would not cover his interest in the property set apart as a year's support. In view of the above ruling the judge did not err in ordering the writ of partition to issue. *Judgment affirmed. All the Justices concur.*